No. 34,426

THE CENTRAL FIBRE PRODUCTS COMPANY, INCORPORATED, *Appellee*, v. THE STATE TAX COMMISSION, ETC., et al., *Appellants*.

(95 P. 2d 353)

Opinion filed November 10, 1939.

C. A. Burnett, of Pittsburg, *Frank G. Theis,* of Arkansas City, *John K. Speck,* of Topeka, and *Vernon Rosenstahl,* of Parsons, for the appellants.

*Ellis D. Bever,* of Wichita, *Charles M. Williams, Donald C. Martindell, William D. P. Carey* and *Wesley E. Brown,* all of Hutchinson, for the appellee.

The opinion of the court was delivered by

THIELE, J.: The Central Fibre Products Company filed its income-tax return for the year ending June 30, 1935, with the income tax department, which on July 12, 1937, determined additional tax was due. Under appropriate procedure the state tax commission on February 23, 1938, made its order finding the assessment to be correct. The company appealed to the district court. In that court the matter was submitted upon a written stipulation of facts, and on January 31, 1939, the court found there was no additional tax liability and rendered judgment in favor of the company. On February 3, 1939, the state tax commission filed its motion for a new trial upon the six grounds specified in G. S. 1935, 60-3001. This motion was denied on February 18, 1939.

On April 17, 1939, the state tax commission perfected its appeal to this court by serving and filing a notice that it appealed from the decision of the trial court denying its motion for a new trial. No appeal was ever taken from the judgment of the court rendered January 31, 1939. The matters presented by the briefs pertain only to the questions of law involved.

On its own motion this court has raised the question whether it has jurisdiction. Appellate jurisdiction of this court is only that conferred by statute (Const. art. 3, sec. 3). It is clear the only judgment, order or decision from which an appeal has been taken is that denying the motion for a new trial. Under G. S. 1935, 60-3001, a new trial is defined to be a reëxamination in the same court of an issue of fact. The only purpose a new trial could serve would be to reëxamine the issues of fact.

In the present case the facts were stipulated; the only question presented to the trial court was one of law. The facts having been stipulated, they could not be reëxamined. There is no provision of the code for a new trial of an issue of law. The filing of the motion could not extend the time in which an appeal must be taken from a judgment rendered on agreed facts. Considering such a motion as a request to the trial court to reëxamine the questions of law involved, the motion is addressed only to the discretion of that court and the ruling on the motion is not in and of itself appealable. If there is to be an appeal it must be from the judgment which the appealing party believes to be erroneous.

The matters here discussed are analogous to those considered in *Tarnstrom v. Olson,* this day decided (*ante,* p. 528), and what is said there need not be repeated here. (See, also, *Ritchie v. K. N. & D. Rly. Co.,* 55 Kan. 36, 39 Pac. 718; *Atkins v. Nordyke,* 60 Kan. 354, 56 Pac. 533; *Nichols v. Trueman,* 80 Kan. 89, 101 Pac. 633.)

The notice of appeal in the case at bar referred to no judgment, order or decision from which an appeal lies, and the appeal is dismissed.