## No. 35,801

THE BOARD OF COUNTY COMMISSIONERS OF THE COUNTY OF JACKSON, *Appellee,* v. (COMMISSION OF REVENUE AND TAXATION OF THE STATE OF KANSAS; NATIONAL CASH REGISTER COMPANY, MONTGOMERY WARD & COMPANY, BROWN-HEDGE LUMBER COMPANY, M. C. FERNKOPF, Sheriff of Jackson County; FRED GORDON, *Appellees),* DENISON STATE BANK, *Appellant.*

(134 P. 2d 657)

Opinion filed March 6, 1943.

*Albert M. Cole,* of Holton, was on the briefs for the appellant.

*James D. Dye,* of Ottawa, appeared for appellee Commission of Revenue and Taxation.

The opinion of the court was delivered by

WEDELL, J.: This action was instituted by the Board of County Commissioners of Jackson county against Fred Gordon, who was delinquent in the payment of his personal property taxes, for the purpose of marshaling his personalty, determining the priority of various claimed liens thereon and obtaining proper distribution to lien claimants of the proceeds of the property sold at sheriff's sale.

Property upon which the Denison State Bank held a chattel mortgage, and for which it later obtained a bill of sale as security for its loan, was levied upon pursuant to a tax warrant issued on behalf of the State Commission of Revenue and Taxation for unpaid sales taxes. Subsequently the sheriff again levied upon the same property under and by virtue of three tax warrants of Jackson county to collect unpaid personal property taxes. Various other lien claimants to wit.: the National Cash Register Co., Montgomery Ward and Co., Karlan Furniture Co., Brown-Hedge Lumber Co., and Mrs. Bruce Saunders were made parties defendant and filed answers and cross petitions claiming priority of liens on certain specific articles of personalty upon which the levies had been made.

The parties stipulated fully as to every fact upon which the respective claims for liens were based. The trial court allowed the claim of Mrs. Bruce Saunders for rent, during the period the sheriff had possession of the merchandise in the building occupied by Fred Gordon, as part of the costs of the action and allowed the remainder of her claim for rent as a general claim. Most of the claims for priority of liens were denied, including the claim of plaintiff, the Denison State Bank and the State Commission of Revenue and Taxation. Their claims were allowed only as general claims.

The Denison State Bank has appealed. Before considering the appeal on its merits we are confronted with a motion of the State Commission of Revenue and Taxation to dismiss the appeal. The motion is predicated upon the grounds the appeal is only from the judgment overruling the motion for a new trial and not from the judgment which denied appellant a priority of lien; the judgment was based upon an agreed statement of facts and under these cir-

cumstances the order overruling the motion for a new trial is not an appealable order.

It is true the Denison State Bank has appealed only from the judgment of July 1, 1942, whereby the court overruled its motion for a new trial. The facts were stipulated and hence no trial errors were committed which could occasion the necessity or propriety of a motion for a new trial. The trial court was required to rule only on questions of law involved in and arising out of the agreed facts. The errors committed by the trial court, if any, consisted solely and exclusively in its conclusions of law, and a motion for a new trial, under these circumstances, was neither necessary nor proper and was equivalent only to a request to the trial court to reëxamine its rulings on questions of law. (*Central Fibre Products Co. v. State Tax Commission,* 150 Kan. 665, 667, 95 P. 2d 353, and cases therein cited.) The motion, under the circumstances, was addressed solely to the discretion of the trial court and the ruling on such a motion alone is not appealable. (*Central Fibre Products Co. v. State Tax Commission,* supra.) There being no appeal from the judgment which appellant believes to be erroneous, the motion to dismiss the appeal must be sustained.

The appeal is dismissed.