No. 36,811

Ada Marie McCarty, Deceased, A. W. URQUHART and ADA HALL URQUHART, Intervenors, *Appellees*, v. PATRICK OTTO MCCARTY, *Appellant*.

(182 P. 2d 881)

JAMES P. COLEMAN, judge. Opinion filed July 12, 1947.

*Morris H. Cundiff*, of Wichita, argued the cause, and *Dale M. Bryant* and *John C. Frank*, both of Wichita, were with him on the briefs for the appellant.

*David W. Wheeler, Jr.,* of Marion, argued the cause, and *Edwin G. Wester-haus,* of Marion, was with him on the briefs for the appellees.

The opinion of the court was delivered by

HARVEY, C. J.: This was a proceeding for the custody of Sharon Kolene McCarty, about six years of age, and arose as follows: On September 26, 1937, the appellant here married Ada Marie Urquhart, the daughter of the appellees here. On October 10, 1941, she filed a suit for divorce against her husband in the district court of Marion county upon the ground of extreme cruelty. Among other pertinent allegations she alleged that the child whose custody is now in question, then fourteen months of age, had been born to them; that she was then in the custody of plaintiff, and "that defendant is an unfit person to have her care or custody or control"; that they had accumulated during their marriage one Dodge car of the value of $100 and that plaintiff had certain household furnishings which had been given to her by her parents; that defendant was an able-bodied man, employed at $100 per month, and that plaintiff was wholly dependent upon him for support. She prayed for divorce, alimony, suit money and attorney's fees. Personal service was had upon defendant. He made no defense.

On January 17, 1942, the court heard the evidence and among other things found "that the allegations contained in plaintiff's petition are true and that plaintiff is entitled to relief prayed for"; that plaintiff should have the custody of the minor child, Sharon Kolene McCarty, with the right of the defendant to visit the child twice per month. The court rendered a decree accordingly and further decreed that defendant should pay to the clerk of the court for the benefit of plaintiff the sum of $30 per month for the care, support, education and maintenance of the minor child, the first payment to be made February 1, 1942, and that defendant should pay the costs, including a fee of $50 for plaintiff's attorney.

It appears there had been a temporary order for alimony which had not been paid, for which there were contempt proceedings heard on March 14, 1942, as a result of which the court ordered the defendant to be confined in the jail for six months unless he paid to the clerk of the court the sum of $100, upon the payment of which he should be discharged from jail. He was taken into custody and paid the money the same day.

Later, in 1942, the plaintiff in that action married a Mr. Bonte

and lived with him for a few months at Topeka and then at Wichita, and in March, 1943, they moved to Powell, Wyo.

On July 19, 1941, the appellant here married Ruth McCarty, and to that union one child was born, Kathleen K. McCarty. Appellant sued her for divorce in Sedgwick county and she filed a cross petition therein, seeking a divorce on the ground of his extreme cruelty. This action was tried June 18, 1943, and the divorce was granted to Ruth McCarty upon her allegations and proof of the extreme cruelty of her husband. She was given the custody of their minor child and he was orderded to pay into court $6 a week for the support of the child.

On December 19, 1943, the appellant married his present wife, Virginia McCarty. She had been twice married and divorced from her former husbands. She worked at the Dunegan stores in Wichita, and has continued to do so. Defendant worked for various parties in Wichita, but about April 1, 1946, was employed by the S. A. Long Company.

On July 14, 1946, both Mr. and Mrs. Bonte were drowned by the capsizing of a boat near Cody, Wyo., and Sharon Kolene McCarty was one of the survivors. Soon thereafter the appellees here learned of the tragedy and arranged to have Sharon Kolene McCarty brought to their home in Ottawa.

On July 26, 1946, the appellant here filed in the original divorce action in Marion county a motion for custody of the child, in which he alleged that the divorce was granted to the plaintiff in that action and that she was given the custody of the child; that in the month of July, 1946, plaintiff in that action, Ada Marie McCarty, died; that on December 19, 1943, he had remarried and established a home; that "this defendant alleges that he is a fit and proper person for the care and custody of his minor child and that he is now a resident of Wichita," employed by the S. A. Long Company and earns a sufficient salary to maintain his home and support and educate the child. He also alleged that his present wife "is a fit and proper person to have the care and custody of said minor child." The motion was for an order giving him the custody of the child and permitting him to take the child to his home in Wichita.

The record does not show that this motion was served upon anyone. But on some date, not shown, the appellees here filed a petition for permission to intervene and to answer the application of appellant for the custody of Sharon Kolene McCarty for the purpose of

protecting the interests of the child and in which they advised the court that the child had been with them since the death of her mother and that they are the parents of the mother of the child. This petition was granted and appellees filed a verified answer to the application of the appellant for the custody of the child, in which they alleged that they reside at Ottawa, Kan.; that they are maternal grandparents of the child and have the child with them, and that the child's mother was drowned July 14, 1946, at Cody, Wyo., together with her husband, and that the child was one of the survivors; alleged the decree of divorce of January 17, 1942; that the appellant was cited for contempt, and paid $100; that in addition thereto he made three payments for the support of the child in 1942 which aggregated $100, and that since December, 1942, he had paid nothing for the support of the child and was in arrears in such payments in the sum of $1,480; alleged the marriage of appellant to Ruth McCarty and her divorce from him upon the ground of his extreme cruelty and that she was given the custody of their child, and appellant was ordered to pay support money, which he had not done, and alleged the marriage of appellant to his present wife. It was further alleged that the appellant "has a vicious temper, is abusive and extremely cruel and is an unfit person to have custody of Sharon Kolene McCarty; that he attacked and beat the mother of this child as she sat in a car holding this baby in such a vicious manner that he knocked out some of her front teeth and made her bleed profusely from the face, necessitating the care of a dentist and doctor"; and further alleged that appellant is unable to care for the child. Appellees further alleged that they own their own home in Ottawa; that A. W. Urquhart was the county superintendent of Marion county for about ten years; that he is a Baptist minister; that he has an income of about $1,500 per annum and is worth approximately $15,000; that they are ready and willing to care for the child; that the child has no funds or property, and asked for an order of the court granting to them the custody of the child, and that a proper order be made that the appellant pay monthly for the support of such child, and asked that he be proceeded against for indirect contempt for the nonpayment of the support money heretofore decreed by the court.

Without further pleadings the case went to trial. The first question presented was who had the burden of proof. After argument and consideration of authorities the court held the burden to be upon

appellant, who called several witnesses, and he and his present wife testified in his behalf. A number of witnesses were called by the appellees and gave testimony. We think it would serve no useful purpose and that it would not be a kindness to the appellant or to the child to set this evidence out in detail. Generally speaking, the evidence went to the fitness of the appellant to have the custody of the child. At the conclusion of the evidence the court found against appellant on that issue, gave the custody of the child to appellees, and directed appellant to pay $30 per month for the support, maintenance and education of the child. Appellant filed a motion for a new trial, which was considered by the court and was overruled, and he has appealed.

We are first confronted with appellees' motion to dismiss the appeal because it was not filed in time under our statute. (G. S. 1945 Supp. 60-3309.) The trial was had and the court's decision rendered on September 3, 1946. The motion for a new trial was heard and overruled on October 9, 1946, and the notice of appeal was filed on November 7, 1946. This was more than two months after the decision on the merits but within that time after the ruling on the motion for a new trial. In such a situation the rule is that if the motion for a new trial raises nothing more than purely legal questions involved in the decision the appeal is too late (*Palmer v. Helmer*, 159 Kan. 647, 157 P. 2d 531), but if it pertains to alleged trial errors, such as rulings on the admission of evidence, or other rulings of the court pertaining to the trial itself, or requires the consideration of all the evidence, the competency of witnesses and the weighing of the testimony, the ruling of the trial court upon the motion for a new trial is regarded as a ruling upon those questions, from which an appeal can be taken. (*Phillipson v. Watson*, 149 Kan. 395, 87 P. 2d 567.)

Appellant first contends that the court erred in placing upon him the burden of proof upon the question of his fitness to have the custody of the child. We think there was no error in that particular in view of the fact that that was one of the issues specifically made in the divorce action and decided against the appellant here. More than that, in this particular proceeding the question on whom the burden of proof rested was not very material. The whole matter was gone into fully and there is ample, competent evidence to sustain the court's conclusions irrespective of who had the burden of proof.

Appellant argues that the question of appellant's fitness to have the custody of the child was not in issue. The record previously stated is to the contrary. The testimony offered by appellant went directly to that point, as did the testimony offered by appellees.

Appellant complains that the court overruled his objections made to some of the evidence offered by appellees upon the ground that it was too remote. At the most this went only to the weight to be given the testimony as distinct from its competency.

In this court appellant complains because the trial court made an order requiring him to pay to the appellees a sum monthly for the support, maintenance and education of the child. That point was not complained of in the motion for a new trial, hence appellant is not in position to be heard upon it. More than that, we see nothing wrong with that portion of the evidence.

The judgment of the court below is affirmed.

HOCH, J., not participating.