No. 36,973

In re Estate of John F. Kerrigan, Deceased (FRANCES T. NEWPORT, *Appellant,* v. ROY V. NELSON, Trustee, FLORENCE S. KERRIGAN, Executor of the Last Will and Testament of John F. Kerrigan, Deceased, and ROBERT M. FINLEY, Guardian *ad litem* for Jane Kerrigan and John T. Kerrigan, Minors, *Appellees.*)

(194 P. 2d 473)

Opinion filed June 12, 1948.

*L. E. Helvern,* of Hiawatha, and *Travis I. Milsten, David R. Milsten, James D. Johnston, Jacob L. Morehead* and *Edward J. Fleming,* all of Tulsa, Okla., were on the briefs for the appellant.

*Roy V. Nelson* and *Robert M. Finley,* both of Hiawatha, were on the briefs for the appellees.

·The opinion of the court was delivered by .

WEDELL, J.: This action involved the appointment of trustees named in a will.

The probate court, and the district court on appeal, refused to appoint the trustees designated, and 'one of such trustees, Frances T. (Kerrigan) Newport, has appealed.

John F. Kerrigan, the testator, moved from Hiawatha, Brown county, Kansas, to Tulsa, Okla., in 1908. He engaged in the practice of law at Tulsa and amassed a substantial estate. He remained at Tulsa until October, 1943, when by reason of his ill health he and his wife returned to reside at Hiawatha. He died there December 30, 1943. In his will he named his wife, Florence, and Edward J. Fleming, as executors. The latter continued to reside in Oklahoma and the widow served as executrix. The testator designated two Oklahoma residents, the First National Bank and Trust Company of Tulsa, a national banking association, and Frances T. (Kerrigan) Newport, the widow of the testator's deceased son, as co-trustees. For brevity we shall refer to the first-named trustee as the trust company. The will provided the trust estate was to be administered by the co-trustees after such portion of the estate as was not included in the trust was fully administered by the executors. The will also provided that in 1955 John T. Kerrigan, a son of Frances Newport, was to be substituted for his mother as a co-trustee with the trust company. The will further provided if Frances Newport or John T. Kerrigan were unable, for any reason, to act as a co-trustee the trust company was vested with full power to act as *sole* trustee. The trust company was required to file a bond as trustee and the terms of its compensation were fixed by the will. The other named co-trustees were not required to make bond and were to receive no compensation.

The matter of appointing trustees came before the probate court and later before the district court after the primary estate had been administered in the probate court. The testator's widow, the executrix, took the position that neither the trust company nor Frances was qualified to act as trustee, that a resident of Brown county should be appointed as trustee, but that if Frances Newport were appointed then Roy V. Nelson, an experienced attorney of Brown county, should be appointed as a co-trustee.

Robert M. Finley, the guardian *ad litem* of the two minor children

of Frances T. Newport, contended neither of the nonresident trustees was qualified to act and that a resident of Brown county should be appointed to serve as trustee.

The appellant, Frances Newport, contended both of the trustees designated in the will should be appointed, that in any event they should both be appointed as trustees insofar as the Oklahoma properties were concerned, and if the trust company could not qualify then she should be appointed *alone* to have full power to manage and settle the trust estate.

Manifestly these contentions required interpretation of the will and an application of Kansas law pertaining to the administration of the trust estate. We have not stated all provisions of the will pertaining to the trust for the reason, as will presently appear, we are not immediately concerned with the merit of the court's interpretation of the will.

The district court concluded that under the provisions of section 131, chapter 180, Laws of 1939, the nonresident trust company was disqualified to serve in the capacity designated by the will. (G. S. 1945 Supp. 59-1701.) We have so held. (*In re Estate of Lowe,* 155 Kan. 679, 127 P. 2d 512.) The district court denied the application of appellant to appoint her as *sole* trustee. The court concluded (1) it would violate the express desires and wishes of the testator to appoint Frances Newport as the sole trustee in the event the trust company could not act and that it was the testator's intention Frances T. Newport and her son, John T. Kerrigan, should act as co-trustees with the trust company and not otherwise; (2) Frances T. Newport was not qualified by training and experience to manage, operate and control the trust estate; and (3) the probate court, under the provisions of G. S. 1945 Supp. 59-301, had jurisdiction and power to substitute and appoint Roy V. Nelson, a resident of Brown county, as the sole trustee to carry out the intent and purpose of the testator with respect to the trust estate.

We are first confronted with the contention of appellees, the executor, the guardian *ad litem* and Roy V. Nelson, trustee, that the appeal presents nothing for our review and must be dismissed. They direct our attention to the fact there was no appeal from the final judgment rendered December 26, 1946, but only an appeal on May 9, 1947, from the order of March 18, 1947, overruling appellant's motion for a new trial.

The appeal was perfected more than two months after rendition

of judgment. That, of course, was too late to appeal from the judgment. (G. S. 1947 Supp. 60-3309.) It was not too late to appeal from the order overruling the motion for a new trial. The appeal is, however, limited to matters presented in the motion for a new trial. (*McCarty v. McCarty,* 163 Kan. 427, 182 P. 2d 881.) If the motion for a new trial presented no trial errors but only legal questions inherent in the judgment the appeal was too late. (*Jackson County Comm'rs v. Commission of Revenue and Taxation,* 156 Kan. 585, 134 P. 2d 657; *McCarty v. McCarty,* supra.) Obviously the time for appeal from rulings on purely legal questions inherent in a judgment cannot be extended by merely filing a motion for a new trial. (*Achenbach v. Baker,* 157 Kan. 292, 139 P. 2d 407.) Under such circumstances the motion constitutes nothing more than a request to the trial court to reconsider its rulings on questions of law. (*Achenbach v. Baker,* supra; *Palmer v. Helmer,* 159 Kan. 647, 157 P. 2d 531.)

In the instant case the first above-mentioned ruling of the district court, based on its interpretation of the will, constitutes purely a ruling on a question of law. No motion for a new trial was necessary or proper with respect to that ruling. Whether the ruling was proper we need not, and cannot, decide in the absence of a timely appeal from the judgment. That ruling must therefore stand undisturbed. It completely eliminates appellant from serving as a trustee. In view of that ruling it is wholly immaterial whether she is qualified by training and experience to act as a trustee. It follows if this court could review the separate question of her qualifications to act and concluded she was qualified we could not make the decision effective in the absence of an appeal from the judgment which excludes her from serving as a trustee irrespective of her qualifications.

Appellant challenges the constitutionality of G. S. 1947 Supp. 59-1701. That contention likewise presents no trial error but purely a legal question inherent in the judgment and is not here for review.

The appeal must be dismissed. It is so ordered.

Cowan, J., not participating.