No. 37,320

In re Estate of Alice Harris, Deceased (DORA GINETTE, *Appellee*, v. BESSIE V. WEBB, *Appellant*).

(201 P. 2d 1062)

Opinion filed January 22, 1949.

*Gerald W. Foley,* of Atchison, argued the cause, and *B. P. Waggener,* of Atchison, was with him on the briefs for the appellant.

*Thomas O. Moxcey,* of Atchison, argued the cause, and *John E. Buehler,* of Atchison, was with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: This is an appeal from a judgment refusing to admit a will to probate.

The undisputed facts can be briefly stated. On April 9, 1946, Alice Harris, a widow and resident of Cummings, Atchison county, Kansas, who was approximately eighty-one years of age and was either childless or had no living children, executed her last will and testament in the presence of three attesting witnesses by the terms of which, after directing payment of funeral expenses and just debts, she left all of the remainder of her property to her niece, Mrs. Bessie C. Gregor, for taking care of her during the rest of her life. Within a few hours after making her will, Mrs. Harris, accompanied by Bessie Gregor and her husband left Cummings for Howard, Kan., where she remained in their home until May 3, 1947, the date of her death.

May 7, 1947, Bessie V. Webb, the person named as the executrix

of Mrs. Harris' will presented that instrument for probate in the probate court of Atchison county. Thereafter, Dora Ginette, an only sister and a resident of McAllen, Texas, filed objections, charging that on the date her sister executed such will she was not of sound mind and memory and incapable of making a disposition of her property. When the probate court overruled these objections and admitted the will to probate Mrs. Ginette appealed to the district court. There the case was tried without a jury. On January 23, 1948, that court made findings of fact and conclusions of law and rendered a judgment decreeing such instrument was not entitled to probate upon grounds (1) that Alice Harris at the time of its execution was incompetent, and (2) that it was improperly witnessed and executed by the attesting witnesses thereto. In due time the executrix filed a motion for new trial. It was overruled on March 27, 1948. Within two months thereafter, but more than two months after the date of the judgment, she perfected this appeal.

In the interest of future proceedings in the court below, even though we have not deemed it necessary to change the title of this case as initially filed and for convenience refer to the parties involved as appellant and appellee because all briefs and other papers presented on appellate review bear that heading, some reference should here be made to the present status of the contending litigants. Since perfection of the appeal the original parties have each died and are no longer interested in its result. Dora Ginette departed this life September 1, 1948, testate, a resident of Hidalgo county, Texas, leaving as her sole beneficiary and heir at law her husband, George H. Ginette, who is now executor of her will under order of the county court of such county. Bessie Webb died in October, 1948. Following her death Frank Todd of Atchison was appointed as administrator *de bonis non* of the estate of Alice Harris. Pursuant to stipulation of attorneys and orders of this court the appeal has been revived and is now pending in the names of Frank Todd, administrator *de bonis non*, of the estate of Alice Harris, deceased, and Bessie C. Gregor, as appellants and George H. Ginette, individually and as executor of the will of Dora Ginette, deceased, as appellee.

The trial court's conclusion of law the will was improperly witnessed and executed by the attesting witnesses, as appellee frankly concedes, was based solely upon seven findings of fact, attacked by the motion for new trial as not supported by the evidence, to the

effect that such witnesses did not know, understand or have reason to believe, Mrs. Harris had a sound mind and the mental capacity to make her will on the date of its execution. Notwithstanding, appellee contends the propriety of that ruling is not subject to appellate review because appellant failed to appeal from the judgment within the time prescribed by statute. Conceding the rule to be, as appellee asserts, that the time for appeal from rulings on purely legal questions inherent in a judgment cannot be extended by the filing of a motion for new trial (see *In re Estate of Kerrigan*, 165 Kan. 245, 194 P. 2d 473; *Cimarron Co-Operative Equity Exchange v. Warner*, 166 Kan. 190, 200 P. 2d 283) the point is not well taken. Another rule of equal import, recognized in the case just cited, is that if the motion from which the appeal is taken in time complains of trial errors such errors may be considered even though in their consideration a review of the judgment is necessary (*McCarty v. McCarty*, 163 Kan. 427, 182 P. 2d 881). The instant motion challenged the findings to which we have referred and required consideration of all the evidence on which they were predicated. In such a situation we have expressly held that sufficiency of the evidence to support the findings and judgment is reviewable (*Phillipson v. Watson*, 149 Kan. 395, 87 P. 2d 567).

On examination of the record we fail to find any evidence sustaining the trial court's findings the attesting witnesses did not know, understand or have reason to believe, the testatrix had sufficient mental capacity to make a will. Indeed as we scan their testimony we are constrained to hold it required a contrary conclusion. Each and all of the attesting witnesses hereinafter named had known Mrs. Harris for several years and had transacted business with her.

James Henry, an employee of the Nortonville bank, where the will was signed, stated he thought Mrs. Harris was competent to make a will. During the course of his direct examination he was asked questions to which he made answers as follows:

"Q. Over this period of five years you were acquainted with her and transacted business with her and visited with her on numerous occasions, was she qualified to transact business? A. I never had any reason to think that she was not.

"Q. And when she signed the will, was there anything to cause you to think she was not capable of transacting business? A. No."

The following questions and answers appear as a part of the redirect and recross-examination of T. C. Whittaker, also an employee of the bank:

*Redirect Examination:*

"Q. Did not notice any difference in her mental capacity than at any other time she was there at bank? A. No.

"Q. And you saw her numerous times during the five years you knew her? A. Yes."

*Recross-examination:*

"Q. What in her demeanor would indicate her mental capacity? A. She never carried on much of a conversation, and she would say how-do-you-do and that is about all.

"Q. You said from her demeanor you could judge her mental capacity; and what in her demeanor would indicate her mental capacity to you? A. The only way—she acted as normal as she ever did.

"Q. You are making a comparison between that and other times she was in the bank. A. Yes."

During the trial J. E. Cassidy also a witness to the will and a long-time neighbor of Mrs. Harris testified to numerous incidents which could not help but give him some knowledge and understanding of her mental condition. After relating them he was asked this question on direct examination, "At the time that Alice Harris signed the will did she know what she was doing?" To which he replied, "I think so, it sounded to me like she did." On cross-examination counsel for appellee inquired, "Would you say this opinion of yours that she was a good business woman had continued to last two years of her life?" His answer was, "She was still conservative about spending her money to the last."

In our opinion the foregoing testimony with nothing in the record to gainsay it makes inescapable our conclusion the trial court's findings with respect to lack of any knowledge on the part of the attesting witnesses as to the mental capacity of Mrs. Harris on the date she made her will was clearly erroneous. It necessarily follows its conclusion of law predicated on the same premise and corresponding portions of the judgment cannot stand. This even though we assume for present purposes the correctness of appellee's position G. S. 1947 Supp. 59-606 requires that the witnesses to a will must be prepared to testify its maker was mentally competent. While we do not reach that question in this case, and hence are not required to here give it consideration, those interested in the soundness of appellee's position with respect thereto will do well to compare our decisions in *Fuller v. Williams*, 125 Kan. 154, 264 Pac. 77, and *In re Estate of Koellen*, 162 Kan. 395, 401, 176 P. 2d 544.

Our decision the will was duly executed does not necessitate a reversal of the judgment. It merely requires that we proceed to

decide whether Mrs. Harris was mentally competent on the date of its execution. In the consideration of this question it must be remembered wills are favored by law and are not to be lightly set aside on mere suspicion of incapacity. The fact the testatrix may have been of advanced age when she executed her will, was childish, feeble-minded. forgetful and had never looked after her own business affairs herself is not in and of itself sufficient to render her mentally incompetent. The same is true of physical weakness resulting from illness, pain and suffering. Nor is it necessary that she had sufficient mental capacity to enter into complex contracts or engage in intricate business transactions. The established rule in this jurisdiction, even though she may have been subject to any or all of the foregoing weaknesses, is that she nevertheless possessed testamentary capacity if, on the date she executed the instrument which was to determine the manner in which her property was to be disposed of after her death, she knew and understood the nature and extent of that property, had an intelligent understanding concerning the disposition she desired to make of it, realized who were her relatives and the natural objects of her bounty, and comprehended the nature of the claims of those whom she desired to include and exclude in and from participation in her worldly effects after she had no further need for them (see *In re Estate of Hall,* 165 Kan. 465, 195 P. 2d 612; *Kunkle v. Urbansky,* 153 Kan. 117, 109 P. 2d 71; *Klose v. Collins,* 137 Kan. 321, 20 P. 2d 494).

Appellant recognizes and we adhere to another principle, likewise well established and here applicable, that the question whether the testatrix possessed testamentary capacity is one of fact to be determined by the trial court and that upon appellate review we are concerned only with evidence supporting its finding she lacked such capacity and will not disturb it if supported by substantial competent evidence (see *In re Estate of Crump,* 161 Kan. 154, 166 P. 2d 684, also *In re Estate of Hall,* supra). Even so, she contends there was no substantial evidence to support the finding and we proceed to review only such evidence as supports it.

At the outset it must be conceded that four witnesses produced by the opponent of the will, and there were only four because the appellee's medical expert failed to go that far, testified in the form of conclusions, variously expressed, that the testatrix was incompetent. That fact, however, does not mean the trial court's finding in that regard was supported by substantial evidence. Under well-recog-

nized decisions of this court it must appear from the record such conclusions are based upon facts which sustain them, otherwise they do not rise to the dignity of "substantial evidence" or come within the meaning of that phrase as used in the rule to which we have just referred.

*Klose v. Collins,* 137 Kan. 321, 20 P. 2d 494, was an action to set aside a will on the ground of incompetency, also undue influence a ground not here involved. At page 323 of its opinion a small portion of the evidence on behalf of the opponents of the will is summarized as follows:

"On the question of mental incompetency, a number of witnesses testified, giving it as their opinion that she was not mentally competent to make a will after the month of June, 1931, at which time she had been sick for about two weeks, but most of such witnesses stated that they base such conclusion upon her weak physical and mental condition and the fact that she was very childish, very forgetful, had a very poor memory and repeated statements, that she did not transact any business for herself, that she had told several of them that Mr. Sewell looked after all her business. . . ."

The proponents of the will demurred to such evidence and their demurrer was sustained. On appeal to this court from that ruling the trial court's judgment was affirmed on the ground the contestants had failed to maintain the burden of establishing incompetency by substantial competent evidence.

*Barnhill v. Miller,* 114 Kan. 73, 217 Pac. 274, was also a suit to set aside a will on grounds of mental incapacity. The evidence adduced by the person contesting the will is set forth at length in the opinion. For our purpose it can be stated it was similar to that related in the Klose case. There was a trial to the court with the aid of a jury. The defendants demurred to plaintiff's evidence but their demurrer was overruled. The trial continued and was submitted to the jury which made special findings and returned a general verdict for the plaintiff. The trial court approved the findings and rendered judgment setting aside the will. Thereafter the defendants filed a motion to set aside the findings and for judgment *non obstante.* When their motions were overruled they perfected their appeal. When the case reached here they contended the trial court should have sustained their demurrer to the evidence. On review of the record we sustained their position, overruled the trial court and directed the rendition of judgment in their favor upholding the will on the ground evidence of mental incapacity was insufficient.

Thus we come to a decision of the remaining issue in this case. Was the trial court's finding of incompetency supported by substantial competent evidence? We are not disposed to burden this opinion with a narration of the evidence to be found in a lengthy record. It suffices to say it has all been carefully examined, that from such examination we find it to be of no greater import than that related in the opinions of the two cases to which we have last referred and that we have therefore concluded, under all the facts and circumstances it discloses, the appellee's showing of testamentary incapacity on the part of the testatrix fails to meet the requirements of the rule requiring that her will could only be set aside upon substantial competent evidence. This conclusion, since the will was duly executed and therefore presumed to be valid, (*Ginter v. Ginter,* 79 Kan. 721, 101 Pac. 634; *Barnhill v. Miller,* supra, page 75 of the opinion; *Anderson v. Anderson,* 147 Kan. 273, 76 P. 2d 825; *In re Estate of Wallace,* 158 Kan. 633, 149 P. 2d 595; 66 A. L. R. Anno § III p. 258) renders the trial court's finding of incompetency erroneous and requires the rendition of a judgment upholding the will.

The judgment is reversed with directions to render judgment in accord with the views herein expressed.