No. 39,567

LEO R. WILLEY, et al., *Appellants*, v. THE GAS SERVICE Co., a Corporation, *Appellee*.

(281 P. 2d 1092)

Opinion filed April 9, 1955.

*Walter F. McGinnis*, of El Dorado, argued the cause, and was on the brief for the appellants.

*L. J. Bond*, of El Dorado, argued the cause, and *R. M. Bond*, also of El Dorado, was with him on the brief for the appellee.

The opinion of the court was delivered by

THIELE, J.: This was an action commenced by the plaintiffs to recover certain moneys deposited by them with the defendant under a written agreement for the extension of a gas main. The defendant answered admitting execution of the contract and denying generally. The case was submitted to the trial court on an agreed statement of facts to which the contract and other exhibits were attached, and in which it was stated the only issue involved was the interpretation of the contract.

A trial was had on February 25, 1954, upon the agreed statement of facts and the trial court then rendered judgment for the defendant. On February 26, 1954, the plaintiffs filed their motion for a new

trial which was overruled on March 29, 1954. On May 13, 1954, plaintiffs perfected their appeal to this court from the trial court's order of March 29, 1954, overruling their motion for a new trial and from the judgment of February 25, 1954. In this court appellants state the questions involved are whether the court erred in refusing to grant a new trial and in failing to properly interpret the written contract.

This court has only such appellate jurisdiction as is provided by statute (Constitution, Art. 3, Sec. 3). Under repeated decisions of this court, it is its duty, on its own motion, to raise the question of its jurisdiction (*Palmer v. Helmer*, 159 Kan. 647, 157 P. 2d 531; *Pulliam v. Pulliam*, 163 Kan. 497, 183 P. 2d 220; *In re Estate of West*, 167 Kan. 94, 204 P. 2d 729; *Kowing v. Douglas County Kaw Drainage Dist.*, 167 Kan. 387, 207 P. 2d 457; *In re Estate of Hilliard*, 170 Kan. 617, 228 P. 2d 536, and cases cited in the above). At the oral argument of the instant appeal this court raised the question whether the appeal was in time.

The record discloses that on February 25, 1954, judgment was rendered against the plaintiffs. Under G. S. 1949, 60-3309, they had two months from that date in which to perfect an appeal. No such appeal was perfected. The question then is whether the filing by them of a motion for a new trial extended the time for appeal under G. S. 1953 Supp., 60-3314a, which provides that when an *appeal has been timely perfected* the fact that some ruling of which the appealing party complains was made more than two months before the appeal was perfected shall not prevent a review of the ruling.

Under our code of civil procedure a motion for a new trial calls for a re-examination of an issue of fact (G. S. 1949, 60-3001). It is not necessary that we make an extensive review of our decisions as to the necessity or propriety of filing such a motion. It was long ago held in *Nichols v. Trueman*, 80 Kan. 89, 101 Pac. 633, that it is not essential to a review of a judgment rendered on an agreed statement of facts that a motion for a new trial be filed and that such a motion was unnecessary. That rule has been followed in later decisions. See *Cramer v. Browne*, 159 Kan. 423, syl. 2, 155 P. 2d 468, and cases cited in that opinion. And see also *Cooley v. Hebrew*, 165 Kan. 500, 195 P. 2d 602, where it was held that a motion for a new trial was neither necessary nor proper where the trial court sustained a motion for judgment on the pleadings and opening statement of counsel. Under the circumstances of the instant case

all that the movant sought by his motion was a re-examination of a question of law and amounted only to a request that the trial court reconsider the ruling on such question. It is clear under the decisions above mentioned the motion was neither necessary nor proper in order to obtain appellate review concerning the trial court's interpretation of the contract or its judgment on the stipulated facts.

This court has repeatedly held that the time for appeal from rulings on purely legal questions inherent in the judgment of the trial court cannot be extended by the mere filing of a motion for a new trial. See e. g., *Achenbach v. Baker,* 157 Kan. 292, 139 P. 2d 407; *McCarty v. McCarty,* 163 Kan. 427, 182 P. 2d 881; *In re Estate of Kerrigan,* 165 Kan. 245, 194 P. 2d 473; *Cimarron Co-Operative Equity Exchange v. Warner,* 166 Kan. 190, 200 P. 2d 283; *In re Estate of Harris,* 166 Kan. 368, 201 P. 2d 1062, and cases cited therein.

In the instant case no timely appeal was perfected from the judgment; the time for appeal was not extended by filing an unnecessary and improper motion for a new trial and then appealing from the ruling thereon; the appeal comes too late; this court is without jurisdiction to consider it, and the appeal must be dismissed, and

It is so ordered.