No. 39,586

In the Matter of the Estate of J. A. Birney, Deceased. (HAROLD WELLINGTON BIRNEY, ETHEL AGNES ESTES and FAY C. LANE, *Appellants*, v. ORA A. BIRNEY and J. E. BIRNEY, *Appellees*.)

(281 P. 2d 1098)

Opinion filed April 9, 1955.

*Clarence N. Holeman*, of Wichita, argued the cause, and *Don C. Smith*, of Dodge City, *W. A. Kahrs*, *Robert H. Nelson*, and *Wilbur D. Geeding*, all of Wichita, were with him on the briefs for the appellants.

*E. C. Minner*, of Dodge City, argued the cause, and *Harry A. Waite*, of Dodge City, was with him on the briefs for the appellees.

The opinion of the court was delivered by

PARKER, J.: This is an appeal from a judgment of the district court of Ford County holding that a will and codicil were properly admit-

ted to probate in the probate court of that county as the last will and testament of the involved decedent.

The facts giving rise to the controversy are undisputed and can be briefly stated.

J. A. Birney, long a resident of Bucklin in Ford County, Kansas, died in that city on November 10, 1951, at the age of seventy-seven, leaving five children surviving him as his sole and only heirs at law. Some two years prior to his death he had executed, concededly in the form required by statute ( G. S. 1949, 59-606), his last will and testament and a codicil to such instrument, under the terms of which he remembered friends and distant relatives; made modest bequests of cash to his son Harold Birney, his daughter Ethel Estes, and his daughter Fay Lane; and then bequeathed and devised the remainder, and major portion of his estate, to his two sons Ora A. Birney and J. E. Birney. In due time the instruments just mentioned were admitted to probate in the probate court of Ford County as the decedent's last will and testament. Thereafter Harold, Ethel and Fay perfected an appeal from such order and decision to the district court of Ford County where, under pleadings not in question, issues were joined on claims advanced by them, charging that on the dates of their execution the testator was mentally incompetent to make either the will or codicil and that at the time of the execution of both instruments he was acting under undue influence of the principal beneficiaries.

After a long and extended trial in district court, the proponents of the will producing some fourteen witnesses and the contestants almost double that number, the trial court made findings of fact and conclusions of law, found that the proponents were entitled to judgment in accord therewith and then, according to the journal entry, which we pause to note is approved by both parties, rendered the following judgment.

"It Is Therefore by the Court Considered, Ordered, Adjudged and Decreed that the proffered will and codicil involved herein were and are respectively the last will and testament and codicil thereto of J. A. Birney, deceased; that they are genuine and valid and that they were properly admitted to probate in Ford County, Kansas."

Inasmuch as they serve to supplement the factual picture and at the same time disclose the basic reasons for its decision in upholding the will the trial court's findings of fact and conclusions of law should be quoted at length. They read:

"FINDINGS OF FACT

"1. J. A. Birney, a long-time resident of Bucklin in Ford County, Kansas, died at Bucklin, Kansas, on November 10th, 1951, at the age of 77 years, and that he left surviving him as his sole and only heirs at law his children, viz: Ora A. Birney, J. E. Birney, Harold Wellington Birney, Ethel Agnes Estes and Fay C. Lane.

"2. That at the time of the execution of the will and codicil involved herein, and at the time of his death, his property consisted very largely of the real estate described in said will and codicil.

"3. On June 21st, 1950, J. A. Birney went to the office of E. C. Minner, an attorney, in Dodge City, Kansas and Mr. Minner prepared the will in controversy, and on the same day J. A. Birney signed and executed said will in the sight and presence of L. B. Hancock and T. E. Young, residents of Dodge City, Kansas; and said L. B. Hancock and said T. E. Young at the request of said J. A. Birney and in the sight and presence of said J. A. Birney, and in the presence of each other, signed said will as attesting witnesses thereto. That neither Ora A. Birney nor J. E. Birney was present at the time said will was signed.

"4. On August 28th, 1950, J. A. Birney went to the office of E. C. Minner, an attorney in Dodge City, Kansas, and Mr. Minner prepared the codicil in controversy, and on the same day and in Mr. Minner's office, said J. A. Birney signed and executed said codicil in the sight and presence of Hiram T. Burr and T. E. Young, both residents of Dodge City, Kansas; and said Hiram T. Burr and said T. E. Young at the request of said J. A. Birney and in the sight and presence of said J. A. Birney and in the presence of each other, signed said codicil as attesting witnesses thereto. That neither Ora A. Birney nor J. E. Birney was present in the room at the time said codicil was signed by said J. A. Birney, Hiram T. Burr and T. E. Young.

"5. In the preparation of said will and codicil, some former will made by J. A. Birney, was read and referred to by Mr. Birney and Mr. Minner. Such former will was not offered in evidence nor was the date thereof shown in evidence; and the record does not show who produced such former will or copy thereof for reference.

"6. That by the instrument dated June 21st, 1950, the decedent, J. A. Birney, instructed or attempted to instruct his so-called executors to purchase and place a certain tombstone and headstone for himself and his wife, Nannie Birney, not to exceed the cost of twelve hundred dollars ($1200.00) but that only a few days before the alleged execution of the instrument dated June 21st, 1950, the decedent had purchased himself and paid for such a tombstone and headstone.

"7. On the date of the execution of said will and on the date of the execution of said codicil, J. A. Birney, although feeble in health, was in possession of his normal mental faculties, and had sufficient mental capacity to know and did know and understand the nature of said will and codicil; that he knew the nature and extent of his property, and the names of all of his children and heirs, and that he read said will and said codicil before signing them; and that he was not at either of said times under any restraint and was not under the influence of any person whomsoever.

"8. Neither Ora A. Birney nor J. E. Birney wrote or prepared, or assisted in the writing and preparation of either said will or codicil. That said J. A. Birney was a man of strong and decided opinions and not easily influenced by the advice or opinions of others.

"9. Neither Ora A. Birney nor J. E. Birney was at or about the time of the execution of said will nor at the time of the execution of said codicil, the confidential agent of said J. A. Birney, and neither of them at either of said times occupied any position of confidence or trust in relation to said J. A. Birney.

"10. That said J. A. Birney was not at the time of the execution of said will nor at the time of the execution of said codicil, under any undue influence or restraint exercised by Ora A. Birney or J. E. Birney, or either of them; nor was the execution of either said will or codicil procured by the exercise of undue influence exercised by Ora A. Birney or J. E. Birney or either of them.

### "Conclusions of Law

"1. Both the will dated June 21, 1950 and the codicil thereto dated August 28, 1950, were executed by testator, J. A. Birney, according to law.

"2. That at the time of their execution said testator was mentally competent to make a will; that at the time of the execution of said instruments said testator was not under any restraint and was not acting under undue influence of any person whomsoever.

"3. That said will and codicil are genuine and valid and should be admitted to probate."

Following the rendition of the judgment, as heretofore related, and the overruling of their motion for new trial the contestants appealed from both rulings to this court where, although other errors are specified, they now concede the decisive appellate questions involved are whether the trial court erred in holding (1) the deceased was mentally competent to make the will and codicil on the dates in question and (2) he was not acting under any undue influence or restraint at the time of their execution.

Heretofore it has been pointed out the instruments in question were executed in accordance with the formalities required by law. That being so, it should be kept in mind, the rule is that the burden of establishing incompetency, undue influence, or any other defense to the will rests with the appellants. (See *In re Estate of Davis,* 175 Kan. 107, 109, 259 P. 2d 211; *In re Estate of Arney,* 174 Kan. 64, 67, 254 P. 2d 314; *In re Estate of Smith,* 168 Kan. 210, 212 P. 2d 322; *Ginter v. Ginter,* 79 Kan. 721, 101 Pac. 634.) Likewise it must be remembered that in disposing of contentions respecting such matters this court does not weigh conflicting testimony but is limited to ascertaining whether there is any substantial competent evidence to sustain the findings made by the trial court, the tribunal

authorized to determine controverted issues of fact. (*In re Estate of Crump,* 161 Kan. 154, 166 P. 2d 684; *In re Estate of Hall,* 165 Kan. 465, 195 P. 2d 612; *In re Estate of Harris,* 166 Kan. 368, 372, 201 P. 2d 1062; *In re Estate of Smith, supra; In re Estate of Mead,* 170 Kan. 435, 226 P. 2d 831; *In re Estate of Johannes,* 173 Kan. 298, 245 P. 2d 979.)

When carefully analyzed the essence of all contentions advanced by appellants respecting the all decisive factual questions involved is that the trial court's findings with respect thereto are not supported by the evidence. It would add nothing to our reports and we are not disposed to labor the record which, it may be conceded, is replete with conflicting testimony on all such questions. It suffices to say that a careful examination of the entire record, viewed in the light of all arguments advanced by appellants to the contrary, convinces us there can be no doubt the trial court's findings to the effect the testator was mentally competent to make the involved will and codicil and was not acting under any restraint or undue influence at the time of their execution are supported by substantial competent evidence. In that situation the rule, established by the decisions heretofore cited and numerous others to be found in West's Kansas Digest, Wills, § 386, and Hatcher's Kansas Digest (Rev. Ed.), Wills, § 96, does not permit this court to disturb such findings and requires approval of its conclusions of law as well as affirmance of the judgment rendered in conformity therewith. This, it should be stated, is true regardless of the numerical strength of the witnesses testifying on behalf of the appellants and even though this court might have given more weight to their testimony than the trial court if its province were to pass upon disputed questions of fact instead of disposing of the issues raised on appellate review.

The judgment is affirmed.

SMITH, J., not participating.