No. 39,488

HAROLD M. COLYER, *Appellee,* v. WALTER M. WOOD and CARRIE B. WOOD, *Appellants.*

(283 P. 2d 398)

Opinion filed May 7, 1955.

*Roy L. Rogers,* of Wichita, argued the cause, and was on the briefs for the appellants.

*Harold G. Forbes,* of Eureka, argued the cause, and *Thos. C. Forbes,* and *Harvey D. Ashworth,* both of Eureka, were with him on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This was an action to recover damages for an alleged breach of contract for the sale of real property. From a judgment in favor of plaintiff, defendants appeal.

The case was submitted to the trial court on the pleadings to which the contract was attached, the opening statement of counsel for the respective parties, and an agreed statement of facts. Although a very limited amount of testimony was introduced upon which there was no dispute, this evidence did nothing more than reiterate the facts already stipulated, added nothing to plaintiff's cause or the defense thereto, and raised no issue of fact. The only issue for the trial court's determination was whether defendants breached the contract, and the court decided this issue in favor of plaintiff, based on the pleadings and agreed statement of facts.

At the outset, plaintiff challenged the right of defendants to be heard in this court on the ground that no appeal was taken within the time provided by our statute.

A trial was had on May 8, 1953, upon the pleadings and agreed statement of facts as hereinbefore related. The trial court took the case under advisement, and on December 11, 1953, rendered judgment in favor of the plaintiff. On the same day, defendants filed their motion for new trial which was overruled on February 18, 1954, and on that date they perfected their appeal to this court from the trial court's order of February 18, 1954, overruling their motion for a new trial and from the judgment entered on December 11, 1953.

It is defendants' contention here that the trial court erred in refusing to grant a new trial, and in failing to properly interpret and construe the written contract between the parties. As stated, judgment was rendered on December 11, 1953. Under G. S. 1949, 60-3309, defendants had two months from that date in which to perfect an appeal. No such appeal was perfected within that time.

The question then is whether the filing by them of a motion for new trial extended the time for appeal under G. S. 1953 Supp., 60-3314a, which provides that when an appeal is timely perfected, the fact that some ruling of which the appealing party complains was made more than two months before the appeal was perfected shall not prevent a review of the ruling. A motion for a new trial calls for re-examination of an issue of fact. (G. S. 1949, 60-3001.)

As early as *Nichols v. Trueman*, 80 Kan. 89, 101 Pac. 633, we held it is not essential to a review of a judgment rendered on an agreed statement of facts that a motion for a new trial be filed, and that such a motion is unnecessary. This rule has been adhered to in a long line of decisions concluding with *Willey v. Gas Service Co.*, 177 Kan. 615, 281 P. 2d 1092. This court has repeatedly held that where all the facts in an action are stipulated by the parties and submitted to the trial court for judgment, the only function of the court is to determine questions of law. Under such circumstances, no trial errors are committed which make a motion for a new trial either necessary or proper, and if a motion for new trial is made, such motion does not extend the time in which an appeal from a judgment may be taken. (*Central Fibre Products Co. v. State Tax Comm.*, 150 Kan. 665, 95 P. 2d 353; *Jackson County Comm'rs v. Commission of Revenue and Taxation*, 156 Kan. 585, 134 P. 2d 657; *Achenbach v. Baker*, 157 Kan. 292, 139 P. 2d 407; *Hamilton v. Binger*, 162 Kan. 415, 176 P. 2d 553; *McCarty v. McCarty*, 163 Kan. 427, 182 P. 2d 881; *In re Estate of Kerrigan*, 165 Kan. 245, 194 P. 2d 473; *Cimarron Co-Operative Equity Exchange v. Warner*, 166 Kan. 190, 200 P. 2d 283; *Steinmeyer v. Barnett*, 172 Kan. 215, 239 P. 2d 827.)

In the instant case, judgment was rendered in the trial court on December 11, 1953, and notice of appeal was not filed until February 18, 1954, more than sixty days after judgment was entered. The time for appeal was not extended by filing an unnecessary and improper motion for a new trial, and then appealing from the ruling thereon. The appeal comes too late. The court is without jurisdiction to consider it, and the appeal must be dismissed.

It is so ordered.