No. 39,501

Beulah Turner, *Appellant,* v. Robert J. Hartman, et al., *Appellees.*

(284 P. 2d 607)

Opinion filed June 11, 1955.

*Raymond Briman,* of Topeka, argued the cause, and *Lawrence J. Richardson,* of Topeka, was with him on the briefs for the appellant.

*Floyd A. Sloan,* of Topeka, argued the cause, and *W. Glenn Hamilton, Eldon Sloan,* and *James W. Sloan,* all of Topeka, were with him on the briefs for the appellees.

The opinion of the court was delivered by

Robb, J.: The appeal in this case was taken by Beulah Turner, the plaintiff, from an order of the trial court sustaining defendants' demurrer to plaintiff's evidence in a damage action.

There were three defendants in the case; the Kaw Valley Produce Company, the Fireman's Indemnity Company, and Robert J. Hartman, the driver of a truck owned by the Kaw Valley Produce Company.

At the close of plaintiff's testimony, defendants filed a demurrer to the evidence, which was sustained on November 23, 1953. The record discloses that no journal entry was filed covering this order. As a result of the ruling on the demurrer a motion for a new trial was filed, which was overruled by the trial court on March 3, 1954. Notice of appeal was filed by appellant on March 4, 1954. The appeal was from an order of the trial court overruling a motion by appellant to strike, which had been entered on the 10th day of December, 1952, and from the order sustaining the demurrer, which was dated November 23, 1953.

The motion for a new trial set out three grounds, referred back to the sustaining of the demurrer, and presented no additional

legal questions. The three grounds set out were (1) abuse of discretion by the trial court; (2) erroneous rulings of the court; and (3) the decision of the trial court was in whole or in part contrary to the evidence.

A motion for a new trial was neither necessary nor proper in this case to test the correctness of the trial court's order sustaining the demurrer of appellees to the evidence of appellant. Such a ruling is a determination of a question of law and must be appealed from within two months. The filing of a motion for a new trial does not extend that time. (*Hilliard v. Southern Kansas Stage Lines Co.,* 146 Kan. 288, 70 P. 2d 28; *Willey v. Gas Service Co.,* 177 Kan. 615, 281 P. 2d 1092.) The order sustaining the demurrer to the evidence was a final order and an appeal therefrom had to be taken within two months. (See G. S. 1949, 60-3302 as modified by G. S. 1953 Supp. 60-3314a.) The filing of a motion for a new trial under the circumstances shown in the record of this case did not help the appellant and neither did the fact, as recited, that a journal entry had not been filed. (*Steinmeyer v. Barnett,* 172 Kan. 215, 216, 239 P. 2d 827.)

The appeal is dismissed.