No. 41,086

HENRY STOCK, *Appellant*, v. UNION PACIFIC RAILROAD CO., *Appellee*.

(331 P. 2d 549)

 Opinion
filed November 8, 1958. 

*Elisha Scott,* of Topeka, argued the cause, and *Samuel C. Jackson, John J. Scott* and *Charles S. Scott,* all of Topeka, were with him on the briefs for the appellant.

*Charles S. Fisher, Jr.,* of Topeka, argued the cause, and *T. M. Lillard, O. B. Eidson, Philip H. Lewis, James W. Porter* and *E. Gene McKinney,* all of Topeka, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, C. J.: This was an action to recover damages for personal injuries resulting from a collision between plaintiff's motor vehicle and one of defendant's trains at a railroad crossing.

Plaintiff commenced the action by filing a petition setting forth his version of the conditions under which the collision occurred, alleging that such collision was due to the defendant's negligent operation of its train, and claiming damages for medical expense, loss of work, and physical pain and suffering in a sizable sum. Defendant answered in due course denying negligence as alleged in the petition, asserting that any injuries plaintiff had received or sustained as the result of a collision were solely occasioned by his own negligence, and praying that it recover judgment for costs.

With issues joined as just related and as the trial was about to commence plaintiff requested leave to file a reply, to which we will presently make further reference. Thereafter, and on October 16, 1957, the trial proceeded and at the close of plaintiff's evidence defendant demurred thereto on grounds such evidence (1) failed to show facts sufficient to constitute a cause of action against it and (2) showed plaintiff was guilty of contributory negligence as a matter of law. On the same date the trial court sustained the demurrer and rendered judgment in favor of defendant and against the plaintiff for costs. Two days after rendition of the judgment plaintiff filed a motion for a new trial. Five grounds of this motion were based on errors on the part of the trial court in sustaining the demurrer and rendering the judgment indicated. The sixth charges that the court erred in denying plaintiff to allege last clear chance in

his reply to the defendant's answer. The motion for a new trial was overruled by the trial court on January 10, 1958. Thereafter, and on January 13, 1958, plaintiff perfected this appeal under a notice reciting that he was appealing from the ruling of the trial court denying him the right to plead the last clear chance doctrine in his reply to defendant's answer; from the judgment made and entered against him on October 15, 1957 (actually October 16, 1957); and from the order overruling his motion for a new trial on January 10, 1958.

Before proceeding further we are required to dispose of a jurisdictional question. It is raised by a motion to dismiss the appeal wherein the appellee challenges the jurisdiction of this court to hear the appeal because it was not timely perfected. Summarized, the grounds of such motion are that the court has no jurisdiction to hear and determine the appeal and it must be dismissed because no appeal was perfected for more than two months after the trial court's final order sustaining appellee's demurrer to appellant's evidence and the rendition of the judgment, that the motion for a new trial was not necessary to preserve or protect the appellant's right of appeal therefrom, and that the filing of such motion did not, nor does not, extend the time for appeal as prescribed by G. S. 1949, 60-3309.

Inasmuch as it is clear, in fact conceded, no attempt was made to appeal from the demurrer to the evidence and the judgment rendered pursuant to that ruling within two months as required by G. S. 1949, 60-3309, it appears the controlling question raised by the motion now under consideration is whether the filing by appellant of his motion for a new trial extended the time for appeal under G. S. 1957 Supp., 60-3314a, providing that when *an appeal has been timely perfected* the fact that some ruling of which the appealing party complains was made more than two months before he perfected his appeal shall not prevent a review of that ruling. See *Allbritten v. National Acceptance Co.,* 183 Kan. 5, 325 P. 2d 40, which holds that within the exception provided in 60-3314a, an appeal to the Supreme Court shall be perfected within two months from the date of the judgment or order from which the appeal is taken.

In decisions dealing with the force and effect to be given 60-3314a, *supra,* this court has consistently held that its provisions are

not to be construed as contemplating that the filing of an unnecessary and improper motion for a new trial and then appealing from the order overruling that motion extends the time in which appeals from rulings and judgments of the character here involved must be taken under the requirements of 60-3309, *supra.* See, e. g., *Turner v. Hartman,* 178 Kan. 178, 179, 284 P. 2d 607; *Colyer v. Wood,* 178 Kan. 5, 7, 283 P. 2d 398; *Willey v. Gas Service Co.,* 177 Kan. 615, 617, 281 P. 2d 1092. As applied to this case these decisions, when analyzed, simply mean that the record presented in this court on appellate review must disclose that at least one of the grounds of appellant's motion for a new trial was necessary, proper and essential to a review of the judgment rendered pursuant to the sustaining of the demurrer to his evidence. We therefore turn to that question.

At the outset, noting that under our decisions (*Turner v. Hartman,* supra; *Stinson v. McConnell,* 160 Kan. 1, 3, 159 P. 2d 406; *Robbins v. Kansas City,* 160 Kan. 425, 163 P. 2d 630) a demurrer to the evidence and a judgment rendered pursuant thereto present only questions of law and rulings thereon give no occasion for the filing of a motion for a new trial; and again pointing out, for purposes of emphasis, that the first five grounds of the involved motion for a new trial relate entirely to such a ruling and judgment, it can be stated that none of the five mentioned grounds is necessarily or properly included in the instant motion for a new trial.

Thus we come to the sixth and last ground set forth in the motion. For present purposes, and without deciding the point, it may be assumed that such ground would be necessary and proper to a review of the question therein stated if the abstracts of the record disclosed such a ruling. The difficulty from appellant's standpoint is that they not only fail to disclose any such ruling was made by the trial court but on the contrary affirmatively establish no such ruling was made by that tribunal at the time a request was made for the filing of the reply.

Turning to the journal entry of judgment, which we pause to point out is signed and approved by attorneys for appellant and appellee and is a part of the record submitted both from the standpoint of the abstract and the notice of appeal filed with the clerk, we find the following paragraph which reads:

"*Thereupon, plaintiff requested leave to file a reply in the case, which motion was sustained by the Court,* and thereupon, the Court, after hearing

the argument of the parties, overruled defendant's motion for judgment on the opening statement and defendant's motion for judgment on the pleadings." (Emphasis supplied.)

In the face of the foregoing indisputable language in the journal entry and, we may add, notwithstanding some gratuitous statements made by the parties in their briefs to the contrary, we are forced to conclude the journal entry signed by the trial court and approved by attorneys for all parties speaks the truth and therefore establishes that appellant's motion for leave to file a reply was granted by that tribunal in the manner and form requested by appellant.

Founded on the principle, recognized by statute (G. S. 1949, 60-3010) and its decisions (see *Christisen v. Bartlett,* 73 Kan. 404, 85 Pac. 594), that the place for correcting judgments is in the court which rendered them, this court is committed to the rule, in both civil and criminal cases, that it cannot determine the terms of a judgment on unsupported or controverted claims of the parties to the action but must assume the journal entry correctly reflects the judgment rendered and the facts therein recited notwithstanding a claim of one of the parties to the contrary. See *State v. Hess* 178 Kan. 452, 456, 289 P. 2d 759; *City of Wichita v. Catino,* 175 Kan. 657, 265 P. 2d 849; *State v. Smith,* 171 Kan. 722, 725, 237 P. 2d 388; *In re Estate of Demoret,* 169 Kan. 171, 180, 218 P. 2d 225.

What has been heretofore said and held means that in the face of the record presented the appellant filed an unnecessary and improper motion for a new trial; that his appeal from the overruling of that motion did not extend his time for appeal from the ruling sustaining the demurrer to his evidence or the judgment rendered pursuant thereto; that the appeal from those matters comes too late; that the appeal from the order overruling his motion for a new trial presents no trial errors which are subject to appellate review; that the court is without jurisdiction to consider the appeal; and that such appeal must be dismissed.

It is so ordered.