## No. 42,383

DOROTHY B. BEACH, *Appellant,* v. EVA BEACH; ROSEMARY BEACH, a Minor; BARBARA BEACH, a Minor; and RAY BEACH, a Minor, *Appellees.*

(367 P. 2d 74)

Opinion filed December 9, 1961.

*Norbert R. Dreiling,* of Hays, argued the cause, and *Ralph H. Clark* and *J. M. Tomanek,* of WaKeeney, were with him on the briefs for the appellant.

*Ernest J. Deines,* of WaKeeney, argued the cause, and *William Wagner,* also of WaKeeney, was with him on the briefs for appellee Eva Beach.

*W. R. Hainline,* of WaKeeney, was on the briefs as guardian *ad litem* for appellees Rosemary Beach, Barbara Beach and Ray Beach, minors.

The opinion of the court was delivered by

WERTZ, J.: This was an action to quiet title to certain real estate in Trego county. From a judgment in favor of defendants (appellees), plaintiff (appellant) appeals.

The case was submitted to the trial court upon the pleadings and an agreed statement of facts to which certain exhibits were attached and made a part thereof. The only issue for the trial court's determination was whether a prior judgment for child support, in favor of defendant Eva Beach and against plaintiff's husband Glenn T. Beach, then owner of the vested remainder in

the property in controversy, was a prior lien thereon to plaintiff's subsequently acquired title to said land.

At the outset, defendants challenge the right of plaintiff to be heard in this court on the ground that no appeal was taken within the time provided by our statute.

On June 22, 1960, a trial was had upon the pleadings and an agreed statement of facts, and the trial court rendered judgment for defendants on August 4, 1960. On that same date plaintiff filed a motion for a new trial, which was overruled on September 14, and on November 8, 1960, she perfected her appeal to this court from the trial court's judgment of August 4 and its order of September 14 overruling motion for new trial.

As stated previously, the record discloses that on August 4, 1960, judgment was rendered against plaintiff. Under G. S. 1949, 60-3309, plaintiff had two months from that date in which to perfect an appeal. No such appeal was perfected. The question then is whether the filing by plaintiff of a motion for new trial extended the time for appeal under G. S. 1959 Supp., 60-3314a, which provides that when an appeal has been timely perfected, the fact that some ruling of which the appealing party complains was made more than two months before the appeal was perfected shall not prevent a review of the ruling. A motion for a new trial calls for re-examination of an issue of fact. (G. S. 1949, 60-3001.)

It is well settled in this state that it is not essential to a review of a judgment rendered on an agreed statement of facts that a motion for a new trial be filed, and that such a motion is unnecessary. This court has repeatedly held that where all the facts in an action are stipulated by the parties and submitted to the trial court for judgment, the only function of the court is to determine questions of law. Under such circumstances, no trial errors are committed which make a motion for a new trial either necessary or proper, and if a motion for a new trial is made, such motion does not extend the time in which an appeal from a judgment may be taken. (*Willey v. Gas Service \Co.*, 177 Kan. 615, 281 P. 2d 1092; *Colyer v. Wood*, 178 Kan. 5, 283 P. 2d 398; *In re Estate of Weidman*, 181 Kan. 718, 723, 314 P. 2d 327; *Stock v. Union Pacific Railroad Co.*, 183 Kan. 659, 661, 331 P. 2d 549.)

Because of the fact judgment was rendered in the trial court on August 4, 1960, and notice of appeal was not filed until November 8, 1960, more than two months after judgment was rendered (60-

3309), the appeal comes too late and this court is without jurisdiction to consider it. Therefore, the appeal must be dismissed.

It is so ordered.