No. 37,516

In the Matter of the Estate of John W. Randall, also known as J. W. Randall and John Randall, deceased (ELMER J. RANDALL, *Appellant*, v. GLENN RANDALL, Executor, et al., *Appellees*).

(204 P. 2d 699)

Opinion filed April 9, 1949.

*G. A. Roberds,* of Olathe, and *James W. Wallace,* of Scott City, were on the briefs for the appellant.

*Leighton A. Fossey,* of Mound City, was on the briefs for the appellees.

The opinion of the court was delivered by

THIELE, J.: This is an appeal from an order overruling a demurrer to evidence offered by the proponent in a proceeding to admit a will to probate, and from a judgment admitting the will to probate.

Under date of April 13, 1945, John W. Randall executed the will

involved. Under its terms he gave his wife Ella, a life estate in all of his property, and made specific devises to his two sons Leonard and Glenn, and to his daughter Eva, and specific bequests to his son Glenn and to his daughter Eva. He gave the residue of his estate to his three children, Leonard, Glenn and Eva, and appointed Glenn as sole executor. The witnessing clause of the will was as follows:

"Signed and acknowledged by the said John W. Randall, testator, as and for his last will and testament, in our presence, and we, at his request, in his sight and presence, and in the presence of each other, have hereunto subscribed our names as witnesses, this 13th day of April, 1945.

(Signed)  BEATRICE ASHLEY,
(Signed)  HARRY C. BLAKER."

There is no dispute of fact involved. John W. Randall died August 11, 1947, being survived by his widow Ella, three sons, Leonard, Glenn and Elmer J., and his daughter Eva. On September 12, 1947, the widow filed a petition for the admission to probate of the last will of John W. Randall, and for the appointment of the executor therein named. This petition did not contain any allegation as to those persons who would have been his heirs at law had he died intestate, but it did contain a list of those persons who were legatees and devisees under his will (G. S. 1947 Supp. 59-2219, 2220). The son Elmer J. Randall was not named as he was not a legatee or devisee under the will.

Publication notice of the hearing on the petition was given, and at the time fixed an order was made by the probate court admitting the will to probate and appointing Glenn Randall, so designated in the will, as the executor. In due time Elmer J. Randall filed notice of appeal to the district court. In that court it was then stipulated and on June 15, 1948, ordered that the appeal should be dismissed and the proceeding remanded to the probate court where there would be a new hearing on the matter of the admission to probate of the will. Thereafter and on June 16, 1948, an amended petition was filed for the admsision to probate of the will. On June 17, 1948, Elmer J. Randall filed his answer and defenses, alleging only that the decedent died intestate, and also that decedent died intestate as to the right, title and interest of Elmer J. Randall in the estate of the deceased. The probate court heard the petition and the defense of Elmer J. Randall, and admitted the will to probate. In due time Elmer J. Randall appealed to the district court and in that court he filed his separate answer and defense, raising the same issues as were presented in the probate court.

On the hearing in the district court, and at the conclusion of the proponent's evidence, Elmer J. Randall moved for judgment denying the instrument (will) to probate as the last will of John W. Randall for the asserted reason the proponent had not sustained her burden in the matter, which motion was denied. He then demurred to the proponent's evidence and this demurrer was overruled. Elmer J. Randall then stated he would stand on his demurrer and the court thereupon on August 11, 1948, rendered judgment admitting the will to probate and appointing Glenn Randall as executor under its terms and further ordered that the proceedings be duly certified to the probate court with instructions that it proceed with the administration.

Before taking up the appellant's contentions, we note that in his defenses to the probate of the will there was no objection to the testamentary capacity of John W. Randall, nor that the will offered for probate had not been executed with all the formality required by statute, although both are presented in his brief as part of his argument which is presented under two main divisions: (1) That the testator died intestate, and (2) that the testator died intestate insofar as appellant was concerned.

In his argument on the first division, appellant places stress on the manner in which the first petition for probate was prepared, but in view of what later happened there is and can be no contention he was not afforded a full opportunity to present his defenses to the will's being probated. Stripped of all extraneous matter, his first contention is that there was no testimony the instrument signed by John W. Randall was a will, or more especially no testimony that he, in the presence of two witnesses, published and declared the document to be his last will and testament, and that there was no request by John W. Randall that the witnesses sign and attest the will. We need not review the oral testimony and appellant's critical comment thereon. There is no contention there was any failure to prove that John W. Randall signed the instrument in question. The only question argued is that the proof did not disclose full compliance with statutory requirements for the execution of a will (G. S. 1947 Supp. 59-606). Appellant's demurrer admitted the testimony of two witnesses that John W. Randall signed the instrument in their presence and that they signed the attestation clause in his presence.

Appellant first contends that the testimony of the witnesses to

the will that the testator was of sound mind and memory at the time of its execution and that he was under no restraint or undue influence, was incompetent. The witnesses were necessary witnesses under the statute (G. S. 1947 Supp. 59-2224). Without detailing the testimony we think it showed the qualification of those witnesses to testify. Had the defenses to the will included as part thereof any claim that the testator lacked testamentary capacity, possibly the proof would have been more extended, but we are satisfied that a prima facie showing was made.

Appellant's contention that there was no publication of the will by the testator needs no comment. Our statute does not require publication. (*In re Estate of Koellen,* 162 Kan. 395, syl. ¶ 7, 176 P. 2d 544.)

Appellant's contention that the proponent of the will did not make the requisite proof as to its execution cannot be sustained. The general rule is that the proponent has the burden of proof to make a prima facie showing of due execution of a will, but when he has made such a showing the burden shifts to the contestant to overcome that showing by competent evidence. A further rule is that the recitals of an attestation clause of a will, the execution of which is admitted, are prima facie evidence of the facts stated in it. See *In re Estate of Wallace,* 158 Kan. 633, syl. ¶¶ 1, 2, 149 P. 2d 595, and authorities cited in the opinion. The attestation clause of the will in question discloses fully an execution and attestation as required by our statute (G. S. 1947 Supp. 59-606).

Appellant's contention the proof did not show that John W. Randall knew the contents of the will or that he knew he was executing a will cannot be sustained. In *In re Estate of Koellen,* supra, syl. ¶ 8, this court held that while it is indispensable to the validity of a will that the testator knew its contends when it was executed, such knowledge will ordinarily be presumed from the execution of the instrument, although the presumption may be rebutted. Here no effort was made to rebut the presumption. The matter need not rest there, however, for one of the witnesses to the will testified he had prepared wills for the testator and prepared the one in question, that he was present when the testator signed and that he signed the attestation clause at the request of the testator. In the absence of contradictory testimony no other conclusion could be made than that John W. Randall knew the contents of the will and that he was executing a will.

In his argument on the second division above noted, appellant says there was no evidence that John W. Randall intended to disinherit him, and that while the testator could have disinherited him without specifically so stating in the will, it could be done by his express words and by directions to the scrivener for the preparation of his will, and in effect, he argues because there was no such proof, the presumption is that no disinheritance was intended, and therefore the testator died intestate as to him. Assuming, without deciding, that where the only question before the probate court in the first instance, and the district court on appeal, was whether the will should be admitted to probate, appellant could raise the question, it is to be observed it was not clearly raised by his objections, nor did he at any stage offer any proof on the question. He relies solely upon some more or less isolated statements that a testator is presumed not to have intended to disinherit his heirs. In addition to 57 Am. Jur. 757; 28 R. C. L. 229; 1 Page on Wills (2d ed.), p. 1388; Thompson on Construction of Wills, pp. 110, 114, 363; he directs our attention to *Morton v. Flanagan,* 143 Kan. 413, 55 P. 2d 373. In that case an ambiguous will set forth in the opinion was involved. It was there held:

"A testator is presumed not to have intended to disinherit his heirs at law, but this is a presumption which will yield to the manifest intention of the testator gathered from the express words of the will, if such words are used." (Syl. ¶ 2.)

Without recital therefrom the authorities cited by appellant recognize the rule relied upon by him is applicable only in doubtful cases, and that the language of the will of the testator, if expressed in clear and unambiguous language, must prevail even though it disinherits an heir. See, also, 57 Am. Jur. 758.

The will under consideration is not ambiguous. Under clear language the testator by his will gave his wife Ella a life estate and upon her death, a devise to his son Leonard, a devise to his son Glenn and his daughter Eva, share and share alike, a devise to his son Glenn, a devise to his daughter Eva, specific bequests to his daughter Eva and his son Glenn, and "subject to the exception hereinafter noted as to Leonard" gave all the residue to "my three children, Leonard, Glenn and Eva, share and share alike." The exception pertained to an advancement to Leonard and that it was to be charged against his share of the residuary estate. The explicit language used by the testator disclosed a clear intention to

dispose of his entire estate to his widow and children to the exclusion of Elmer, and to say that he did not intend to disinherit him would be in contradiction of his wishes and intention as expressed in a will which is entirely free from ambiguity.

The judgment of the trial court is affirmed.