No. 38,675

In the Matter of the Estate of George A. Johannes, Deceased. LESLIE TRUE, HELEN MURPHY, W. H. FROST, VELMA SMITH, MARIE RAYNOR and FRANCES E. BRADEN, *Appellants,* v. R. L. FUNK and WILLIAM SCHMITT, Executors of the Last Will and Testament of George A. Johannes, Deceased; CITY OF HIAWATHA, BROWN COUNTY, KANSAS: MORRILL FREE PUBLIC LIBRARY OF HIAWATHA, BROWN COUNTY, KANSAS: THE STATE ORPHANS HOME OF ATCHISON, ATCHISON COUNTY, KANSAS, and THE STATE BOARD OF SOCIAL WELFARE OF THE STATE OF KANSAS, *Appellees.*

(245 P. 2d 979)

Opinion filed July 3, 1952.

*Harry E. Miller,* of Hiawatha, argued the cause, and *Robert M. Finley,* also of Hiawatha, was with him on the briefs for the appellants.

*Richard R. Funk,* of Topeka, argued the cause, and *Chester C. Ingels,* of Hiawatha, was with him on the briefs for appellee executors; *Roy V. Nelson,* of Hiawatha, was on the briefs for appellee library; and *H. R. Fatzer,* attorney general, and *Paul E. Wilson,* assistant attorney general, were on the briefs for appellee state department.

The opinion of the court was delivered by

WERTZ, J.: This is an appeal by the legal heirs of testator from an order of the district court admitting the original will to probate including admission of the obliterated sixth paragraph as a part of said will.

Following the original submission of the appeal in this action, the court on January 27, 1951, filed its opinion now appearing in 170 Kan. 407, 227 P. 2d 148 (*In re Estate of Johannes*), in which it reversed the judgment of the district court admitting the will to probate and remanded the cause with instructions to receive further proof as to content of the obliterated sixth paragraph of the will, and if such content be established by sufficient proof, to admit the entire will, and if such content be not so established, to deny pro-

bate. Facts leading up to that appeal are fully set forth in the earlier opinion filed by the court. The question before us now is whether the content of the obliterated sixth paragraph of the will was established by sufficient proof.

Subsequent to the court's opinion above referred to, the lower court on March 20, 1951, found that the original will should be sent to a laboratory for examination in order to decipher the eradicated paragraph of the will. Thereafter, on November 8, 1951, after hearing all the evidence, the court made the following findings of fact and conclusions of law:

"1. That the sixth clause or paragraph of the Last Will and Testament of George A. Johannes, deceased, reads as follows: 'I leave to Charles Baxter in cash a sum of $1,850.00.'

"1a. That the contents of the sixth paragraph as set out in finding No. 1 is supported by a preponderance and greater weight of evidence adduced in the case.

"2. That according to the method used by Mr. Fowkes, paragraph sixth in question is interpreted to read, 'I will to Charles Baxter in cash a sum of $1850.00' although he was not too certain of the word 'will' and that this phraseology is supported in whole or in part by Mr. Dillon and Dr. R. L. Funk other witnesses for appellees.

"3. That Mr. Scott, a witness for appellants, according to methods used by him, could clearly distinguish the words 'I leave' and so testified.

"4. That Mr. Quakenbush, a witness for appellants, according to methods used by him, could distinguish words, 'I leave to C——— $1850.00', and so testified.

"5. That paragraph sixth in question, with either the word 'leave' or the word 'will' was dispositive when the will was executed by the testator.

"6. That the Charles Baxter referred to in the sixth paragraph was not a relative nor heir of said deceased; that he predeceased the testator and that the bequest to him has lapsed and the amount therein stated becomes a part of the residuary paragraph of said will."

Thereupon the court made these conclusions of law:

"1. That the sixth paragraph of said will is not now dispositive because of the death of Charles Baxter and does not have the effect of revoking the will whether or not it is inserted.

"2. That the will as heretofore approved by this Court and the Supreme Court with the sixth paragraph added as set out in finding No. 1 is the Last Will and Testament of George A. Johannes, deceased, and as such should be admitted to probate and record as the duly executed Last Will and Testament of George A. Johannes, deceased, in the Probate Court of Brown County, Kansas."

Based upon the foregoing findings, the court admitted the will of George A. Johannes to probate.

In view of our previous decision in this case heretofore referred to, we are now compelled to determine whether there is any substantial evidence to support the trial court's findings. Although evidence of the obliterated paragraph of the will must be clear and satisfactory, it is the trial court which is to be convinced. We are concerned only with whether there was substantial competent evidence to support the trial court's findings in that regard.

The rule, established by this court in a long and unbroken line of decisions, is that where a trial court makes a finding of fact our only function on appeal is to ascertain whether there is substantial competent evidence to support the finding as made, and not whether some evidence appears in the record which would have supported a contrary finding had the trial court seen fit to make one; and in the determination of that question, the appellate court does not weigh the evidence but is concerned only with whether it supports the findings as made by the court. (*Bradbury v. Wise,* 167 Kan. 737, 743, 208 P. 2d 209; *Pearcy v. Williams,* 163 Kan. 439, 442-3, 183 P. 2d 243; *In re Estate of Spark,* 168 Kan. 270, 275, 212 P. 2d 369.)

No purpose would be served by a detailed recital of the evidence in this case. The trial court had the entire picture before it; it saw the witnesses, had an opportunity to note their interest in the outcome, and observe their demeanor when testifying. A portion of that testimony may be summarized as follows:

R. S. Fowkes testified he had been a special agent and technician for the Kansas Bureau of Investigation since its organization in 1939; that he handles practically all of the photography, obliterating of handwriting and eradication; that he had been engaged in that type of work for twenty years; that he had read numerous authorities on the subject; had conducted classes in police science at Kansas University; that his laboratory equipment consisted of that commonly used in police work including magnifiers, enlargers, microscopes, chemical pots, humidors, and whatever else is consistent with a police laboratory. He testified his recent experiences in restoring and reconstructing abrasive papers or eradicated documents have been with automobile titles which have been obliterated by ink eradicators; abrasions, some of which were overwritten; that through the use of ultra violet rays, raising acid, iodine fumes and other mechanical devices, he has been able to decipher a great many documents presented to him for examination; that he made an exam-

ination of the obliterated sixth paragraph of the mentioned will; that he spent several hours with the ultra violet ray light; that he used raising acid and iodine fumes, and was able to decipher a few letters at a time. After detailing his procedure, he testified that the obliterated sixth paragraph of the will read: "I will to Charles Baxter in cash a sum of $1850.00."

Dr. Ralph L. Funk, the scrivener of the will, recalled the contents of paragraph six of the will as a bequest of a sum of money to Charles Baxter, and that the gift to Baxter was outright and not contingent, and was in the approximate sum of $2,000; it could have been $1800 or $1,850.

Charles Scott, handwriting expert, could decipher and make of the obliterated sixth paragraph the words "I leave."

W. H. Quakenbush, handwriting expert, testified that he was able to decipher from the obliterated sixth paragraph the words "I leave to C———"; that he used the transmitted light method, the ultra violet light, microscope, chemical and iodine fuming process.

In reviewing the record and considering the entire testimony offered by both parties, we are compelled to hold that the contents of paragraph six of the will in question have been established by substantial competent evidence as found by the trial court. That court having decided the issue in favor of the proponents of the will, and there being substantial evidence to warrant its findings, they are conclusive on appeal. (*In re Estate of Mead,* 170 Kan. 435, 441, 226 P. 2d 831.)

It follows that the findings and judgment of the trial court must be affirmed.