No. 38,821

In the Matter of the Estate of Henry M. Arney, Deceased. (CHARLES E. ARNEY, *Appellee,* v. ORA A. ARNEY, EDITH E. COX, IVA N. McCORMICK and GLADYS BELDING, *Appellants.*)

(254 P. 2d 814)

Opinion filed March 7, 1953.

*J. R. Hyland,* of Washington, argued the cause and *H. N. Hyland, of* Washington, was with him on the briefs for the appellants.

*Frank C. Baldwin,* of Concordia, argued the cause, and *Charles L. Hunt* and *Dean L. Gibson,* both of Concordia, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: This is an appeal from a judgment admitting a will to probate.

On February 24, 1951, Henry M. Arney, a bachelor and resident of Washington county, died testate leaving as his surviving heirs the persons whose names appear in the title of this action, all of whom, except Gladys Belding, his niece, were his brothers and sisters.

Omitting its introductory and concluding paragraphs the decedent's will, which was executed on January 6, 1951, provides:

"1. I do direct my Executor to pay all my just debts and funeral expenses as soon after my death as may be practicable.

"2. I do give, devise and bequeath to my brother, Charles E. Arney, all of the residue and remainder of my estate, both real and personal, as his sole and absolute property.

"3. I do hereby name, constitute and appoint my brother, Charles E. Arney, to be the Executor of this will, without bond."

No one contends the testator did not sign the foregoing instrument. However, there is dispute as to whether it was duly attested and subscribed in the manner required by statute (G. S. 1949, 59-606). The attestation clause and the signatures of the witnesses affixed thereto read:

"Signed, sealed, published and declared by the said testator, Henry M. Arney, as and for his last will and testament, in the presence of us, who, at his request, and in his presence and in the presence of each other have hereunto signed our names as attesting witnesses at the City of Washington, Washington County, Kansas, this 6th day of January, 1951.

"CLYDE COX
"F. R. LOBAUGH"

A few days after the death of Henry M. Arney a petition was filed in the probate court of Washington county to have his will admitted to probate. Following the fixing of a date certain for a hearing on such petition written objections were filed. Thereafter all appellants named herein joined in a petition asking that the cause be transferred to the district court as authorized by G. S. 1949, 59-2402a. Subsequently, this request was granted and, in conformity with such statute, the issues raised by the pleadings in probate court were heard by the district court. At the close of this hearing the court furnished the parties with a comprehensive written opinion in which it found generally in favor of the proponent and against the objectors on all controverted facts of record and the law applicable thereto and held the will should be admitted to probate. Thereafter, in its formal journal entry of judgment, it found specifically that the will was properly executed by the testator, that it was properly and lawfully attested by two attesting witnesses and that at the time of its execution the testator was of sound mind and under no undue influence; held that the instrument as signed and attested was the last will and testament of the decedent and should be admitted to probate; and rendered judgment in accord with such findings and conclusions. Thereupon, within two months from the date of the judgment and all orders complained of, the objectors, as the statute permits (G. S. 1949, 60-3309), perfected this appeal.

Although their specifications of error are not so limited appellants concede there are but three questions involved on appellate review. Stated in their language but in what we deem is the order of their importance they read: (1) Did the testator have sufficient mental capacity to make his will and was he free from undue influence? (2) Was the will properly executed and attested as required by law? (3) Was the will written or prepared by the agent or attorney for the sole beneficiary and without independent advice required by law?

At the outset appellants insist we should first determine the burden of proof and then assert that burden rested on the appellee in this case throughout the entire trial in the court below. We have no objection to disposing of this contention in advance of the major questions raised on appeal. As we read our decisions it was decided long ago contrary to appellants' position. See *Ginter v. Ginter*, 79 Kan. 721, 101 Pac. 634, which holds:

"When a contested will appears to have been duly executed and attested according to the statute of wills the law presumes it to be valid. This presumption must be overcome by proof, and the burden of proof rests upon whoever alleges it to be the product of undue influence or fraud." (Syl ¶ 3.)

For one of our more recent decisions see *In re Estate of Smith*, 168 Kan. 210, 212 P. 2d 322, where we held:

"When it is shown a will has been executed in accordance with the formalities required by law the burden to establish undue influence, or any other defense to a will, rests on the party asserting it." (Syl ¶ 6.)

Appellants direct our attention to the fact this is a proceeding to admit a will to probate, not a contest after its admission to probate. That fact, and for that matter the fact the two decisions just cited happen to involve will contests, is of no consequence. The rule in both types of cases is the same. See, *e. g., In re Estate of Wallace*, 158 Kan. 633, 149 P. 2d 595, and *In re Estate of Randall*, 167 Kan. 62, 65, 204 P. 2d 699, holding the general rule is that when a will is offered for probate the burden of proof rests on the proponent to make a prima facie showing of its due execution and that thereafter the burden shifts to the contestant to overcome that showing by competent evidence. See, also, *In re Estate of Millar*, 167 Kan. 455, 207 P. 2d 483, holding the burden of establishing undue influence rests upon the party asserting it. For other decisions to the effect that when it is shown a will has been executed in accordance with the formalities required by law the burden to establish other defenses thereto rests on the party asserting them see *In re*

*Estate of Koellen,* 162 Kan. 395, 176 P. 2d 544, also, *In re Estate of Harris,* 166 Kan. 368, 374, 201 P. 2d 1062, and cases there cited.

From our examination of the record we find nothing which indicates, as the appellants suggest, that the trial court either misunderstood or erroneously applied the rule adhered to in the foregoing decisions in reaching its decision the instant will should be admitted to probate.

Another preliminary contention advanced by appellants in support of all questions raised on appeal is that a testator is presumed not to have intended to disinherit his heirs-at-law. We fail to see where such rule would be entitled to much weight in determining the issues involved. Even so, we are not required to labor the point. The rule is applicable only in doubtful cases and never has application where—as here—the language of the will involved is clear and unambiguous. In that event (see *In re Estate of Randall,* supra, and *In re Estate of Reynolds,* 173 Kan. 102, 107, 244 P. 2d 234) the will prevails even though it disinherits the heir.

The gist of all contentions advanced by appellants respecting the first major question involved is that the evidence fails to sustain the trial court's findings that the evidence failed to establish the testator lacked sufficient mental capacity to make a will or that he was acting under undue influence at the time such instrument was executed. In connection with this claim it is interesting to note appellants concede there was no direct testimony as to undue influence and admit the evidence respecting lack of legal capacity as well as undue influence was in conflict. They lost nothing by these concessions for our review of the record discloses substantial competent evidence to sustain the trial court's findings on both points. Under such circumstances this court does not weigh the evidence and cannot disturb the findings (*In re Estate of Johannes,* 173 Kan. 298, 245 P. 2d 979; *In re Estate of Regle,* 170 Kan. 558, 228 P. 2d 722; *In re Estate of Smith,* supra; *In re Estate of Millar,* 458, supra; *In re Estate of Harris,* 372, supra). For numerous other decisions to the same effect see West's Kansas Digest, Wills, § 386; Hatcher's Kansas Digest, [Rev. Ed.] Wills, § 96.

In approaching consideration of appellants' second claim of error it should be kept in mind the recitals of the attestation clause in question, the execution of which is admitted, show full compliance with our statutory requirements (See 59-606, *supra*) for the execution of a will. It should also be remembered that such an attesta-

tion clause is presumptive evidence of the facts stated in it and that its recitals are not overcome by anything less than clear, satisfactory and convincing evidence (See *In re Estate of Wallace,* 637, 638, *supra*). When carefully analyzed appellants' position with respect to this claim is predicated upon the proposition that Clyde Cox, one of the attesting witnesses to the will, testified that instrument was not signed by the testator in his presence and that he did not see him sign it or hear him acknowledge execution thereof. Summarily stated, there are at least three sound reason why this claim lacks merit and cannot be upheld. In the first place F. R. Lobaugh the other attesting witness, whom the trial court apparently believed, testified directly to the contrary. In the face of such evidence we cannot disturb the conclusion of the trial court that appellants had failed to establish the will was not legally executed. In the second the record discloses a specific finding to the effect the controverting evidence of Cox was not sufficiently clear, satisfactory, and convincing to overcome the evidence of proper execution and the presumption arising from the duly executed attestation clause that the will was executed with all the formalities required by statute. This court is committed to the rule that when the testimony of a subscribing witness to a will leaves the court in doubt as to just what happened at the time of the execution of the will the existence of an attestation clause such as is here in question, is sufficient to satisfy it there has been full compliance with the statutory requirements for the execution of the will (*In re Estate of Wallace,* supra; *In re Estate of Wittman,* 161 Kan. 398, 168 P. 2d 541). And last but not least, even if there had been no findings of the character to which we have just referred or denial of Cox's testimony respecting formal acknowledgement of the will, an examination of the record reveals ample evidence to warrant a conclusion acknowledgment of that instrument could be implied from conscious acts and conduct on the part of the testator (See *In re Estate of Davis,* 168 Kan. 314, 212 P. 2d 343).

In their third and final claim appellants direct our attention to G. S. 1949, 59-605, and contend the will is invalid because it was prepared and written by the agent or attorney for the sole beneficiary and without independent advice. In their argument they extend this claim by contending that instrument was invalid because it does not affirmatively appear from the record the testator read or knew its contents.

The statute on which appellants rely in support of their position on this point reads:

"If it shall appear that any will was written or prepared by the sole or principal beneficiary in such will, who, at the time of writing or preparing the same, was the confidential agent or legal adviser of the testator, or who occupied at the time any other position of confidence or trust to such testator, such will shall not be held to be valid unless it shall affirmatively appear that the testator had read or knew the contents of such will, and had independent advice with reference thereto." (59-605, *supra.*)

Under our decisions there can be no question regarding the rule as to when a will comes within or without the scope of the statute just quoted. In *In re Estate of Schippel,* 169 Kan. 151, 218 P. 2d 192, our most recent decision on the subject, we held:

"Under the provisions of G. S. 1947 Supp. 59-605, (now G. S. 1949, 59-605) in order to uphold the validity of a will (1) written or prepared (2) by the sole or principal beneficiary (3) who at the time was the confidential agent or legal adviser of the testator, or who at the time occupied any other position of confidence or trust to such testator, it must affirmatively appear that the testator read or knew the contents of such will *and* had independent advice with reference thereto.

"If, however, any one of those three conditions precedent does not exist then the question of independent advice becomes immaterial." (Syl. ¶¶1 and 2.)

At this point, although the question was not involved and hence not directly passed upon, it may as well be said that so far as application of the foregoing statute is concerned the rule announced in syllabus ¶ 2 of the decision from which we have just quoted may be extended to include the question whether the testator read or knew the contents of the will. Otherwise stated, and limited strictly to the question whether the provisions of 59-605, *supra,* apply, the rule is that if any one of the three conditions precedent do not exist then the questions whether the testator read or knew the contents of the will and had independenet advice with reference thereto become immaterial.

The record discloses the trial court, as it had a right to do, believed the witness F. R. Lobaugh, who testified positively to the effect that in drawing the will and giving advice with respect thereto he was acting as the testator's attorney and was not in anywise employed by the latter's brother, Charles E. Arney, who was the sole beneficiary under its terms. It also reveals a specific finding wherein the trial court found the evidence was not only insufficient to establish the fact Lobaugh was acting as attorney for the sole legatee under the will but on the contrary established that he was acting for the

decedent at the time the will was drawn and executed. In such a situation, under the decisions previously referred to, since there was substantial competent evidence to sustain it we cannot disturb such finding. Thus, assuming as was indicated in *In re Estate of Schippel*, 161, *supra*, there may be circumstances under which a person occupying a position of go-between or attorney could be considered and held to be the one writing or preparing a will, it appears that cannot be said to be the case under the confronting facts and circumstances. The result, since it is clear the section of the statute on which they rely has no application, is that the appellants' contention the will is invalid because it was prepared and written by the agent or attorney for the sole beneficiary cannot be upheld and questions pertaining to whether the testator read or knew the contents of such will and had independent advice with reference thereto become immaterial and need not be here discussed or determined.

In reaching the foregoing conclusion we have rejected, not overlooked, appellants' suggestion that notwithstanding his testimony to the contrary the trial court should have found F. R. Lobaugh was acting as attorney for appellee because he was subsequently employed by the latter and signed the petition for probate of the will. That happened after Lobaugh's services as the testator's attorney had been fully performed and is not to be regarded as entitled to any probative force in determining the status of his employment on the date of the execution of the will. Situations where attorneys have prepared a will and subsequently accepted employment for the sole or principal beneficiary are legion and we are not disposed to hold that such action is improper or gives rise to either inference or presumption that the attorney was not representing the testator on the date he prepared his will.

We find nothing in the record or in the claims of error advanced by appellants to warrant a reversal of the judgment. Therefore it must be affirmed.