No. 39,022

In the Matter of the Estate of W. T. Davis, Deceased. (MAUDE DILG, *Respondent, Appellant*, v. JEFF BARNES, *Proponent, Appellee*.)

(259 P. 2d 211)

108
Opinion filed

July 6, 1953.

*John J. Riling* and *Edward T. Riling*, both of Lawrence, were on the briefs for the appellant.

*Raymond F. Rice*, of Lawrence, was on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: This is an appeal from a judgment admitting a will to probate.

W. T. Davis, a widower and long time resident of Douglas county, died at the age of eighty-three on October 18, 1951, at his farm some three miles west of Lawrence, without issue, leaving a last will and testament which had been executed on October 1, 1951, wherein he left all his property, both real and personal to Jeff Barnes, the brother of his deceased wife who, approximately a month.prior to the date of the making of the will had agreed to leave his own farm and, with his daughter, move to the testator's farm and take care of him for the rest of his life.

Within a short time after the death of Mr. Davis the sole beneficiary under the terms of his will filed a petition in the probate court of Douglas county to have that instrument admitted to probate. Subsequently, Maude Dilg, the testator's niece and closest relative, who prior to 1945 had not seen him for more than thirty years and thereafter had only paid him two short visits, one in 1945 and the other in 1948, made answer and objections to the probate of the will charging (1) that on the date of its execution the testator was incompetent to make the will; (2) that at the time of signing it he was acting under the duress and undue influence of the principal beneficiary; and (3) that such instrument was written and prepared by the sole beneficiary or his attorney and executed by the testator without independent advice as required by law.

In due time, and after a hearing the probate court found against the objector and admitted the will to probate. Thereupon, an appeal from that ruling was taken to the district court as authorized by statute.

The cause came on for hearing in the district court upon issues, raised by the pleadings, as heretofore indicated. There, after a long and extended trial *de novo*, the proponent of the will and the objector each offering the oral testimony of eighteen witnesses, the trial court furnished the parties with a comprehensive written opinion in which it found generally in favor of the proponent and

specifically against the objector on all controverted facts of record and the law applicable thereto, including the objections raised in the objector's answer. Subsequently, it incorporated the substance of its findings in a journal entry of judgment, the pertinent portions of which read:

"Thereupon the Court finds that the instrument executed by W. T. Davis, Deceased, under date of October 1, 1951, and admitted to probate on December 19, 1951, as the Last Will and Testament of said decedent by the Probate Court of Douglas County, Kansas, was duly executed according to law and is the Last Will and Testament of the said W. T. Davis; that at the time of the execution of said will the said W. T. Davis was of legal age and of sound mind and acting under no restraint or undue influence and that said will was not prepared under circumstances requiring that said testator have independent advice; and that the order of the Probate Court of Douglas County, Kansas, admitting said will to probate should be confirmed and affirmed."

Thereupon, the objector filed a motion for a new trial and, when it was overruled, perfected the instant appeal in which, under proper specifications of error, she charges in substance that the trial court erred in making each and every finding set forth in the heretofore quoted portion of the journal entry of judgment and in overruling her motion for a new trial.

At the outset it will clarify the issues to note that although she charges the trial court. erred in finding the will was duly executed according to law appellant concedes in her brief that the evidence of the witnesses to the will, initially offered by the appellee, was sufficient to establish a prima facie case and sustain that finding. It follows this claim of error requires no further .attention and we can proceed (See *Ginter v. Ginter*, 79 Kan. 721, 101 Pac. 634; *In re Estate of Smith*, 168 Kan. 210, 212 P. 2d 322; *In re Estate of Arney*, 174 Kan. 64, 67, 254 P. 2d 314) on the theory the burden to establish undue influence, or any other defense to the will, rests with the appellant.

Having dispensed with necessity for consideration of the foregoing finding it can now be said that appellant makes no claim the findings as made are insufficient to uphold the judgment admitting the will to probate and the gist of all contentions advanced by her as grounds for reversal of the judgment, including the overruling of the motion for a new trial, is that the evidence of record does not sustain such findings. We therefore turn to the record, mindful as we do so, that in disposing of contentions of such character we cannot weigh conflicting testimony but are limited to ascertaining whether there is any substantial competent evidence to sustain the

findings made by the trial court, the tribunal authorized to determine controverted issues of fact (See *In re Estate of Johannes,* 173 Kan. 298, 245 P. 2d 979; *In re Estate of Mead,* 170 Kan. 435, 438, 226 P. 2d 831; *In re Estate of Smith,* supra; *In re Estate of Crump,* 161 Kan. 154, 166 P. 2d 684).

Nothing would be gained and we are not disposed to labor a long and tedious record which, it must be frankly conceded is replete with conflicting testimony on all factual issues involved in the case. It suffices to say that when the entire record is carefully examined and analyzed there can be no doubt the trial court's findings that at the time of the execution of the will the testator was competent to make it; that in making it he was not acting under any restraint or undue influence; that such instrument was not prepared by either the principal beneficiary or his attorney, or under circumstances requiring that he have independent advice in order to make it valid and effective; and each of them is supported by substantial competent evidence. Under such circumstances the universal rule prevailing in this jurisdiction, so well established as to hardly require citation of the authorities supporting it (see *In re Estate of Crump,* supra; *In re Estate of Hall,* 165 Kan. 465, 195 P. 2d 612; *In re Estate of Harris,* 166 Kan. 368, 201 P. 2d 1062; *In re Estate of Smith,* supra; *In re Estate of Arney,* supra; and other decisions to be found in West's Kansas Digest, Wills, § 386; Hatcher's Kansas Digest [Rev. Ed.], Wills, § 96), does not permit this court to disturb the findings and compels it to affirm the judgment rendered in conformity therewith. This, we may add, is true even though, from the cold facts of record, we might have reached a different conclusion than the trial court if our province had been to pass upon disputed questions of fact instead of disposing of issues raised on appellate review.

In reaching the foregoing conclusion we have not overlooked a contention advanced by appellant to the effect the trial court was required to find the testator was incompetent to make a will because the only medical testimony of record was to the effect that prior to the date of its execution he was afflicted with senile dementia. The trouble from appellant's standpoint is that, under our decisions (see *In re Estate of Hall,* supra; and page 372 of the opinion *In re Estate of Harris,* supra), one who is able to understand what property he has and how he wants it to go at his death is

competent to make a will even though he may be feeble-minded, decrepit in body and suffering from the affliction to which appellant's medical experts referred in their testimony. Here, as we have previously indicated, there is evidence of record which, if believed, upholds the trial court's conclusion the testator understood what property he had and how he wanted it to go on the date of the execution of his last will and testament.

Neither have we ignored an argument to the effect the court either overlooked or failed to take into consideration all the evidence adduced by the appellant in reaching its decision the will should be admitted to probate. Aside from the fact the trial court did not agree with appellant's construction of the evidence, as is frequently the case in hotly contested lawsuits, we find nothing of record indicating appellant's position on this point is well founded. In any event the nature of the claim is such that under the confronting facts and circumstances it cannot be sustained on appellate review. Long ago in *Wooddell v. Allbrecht*, 80 Kan. 736, 104 Pac. 559, cited and adhered to in *Klein v. Blackshere*, 113 Kan. 539, 215 Pac. 315, and in *Bradbury v. Wise*, 167 Kan. 737, 745, 208 P. 2d 209, we held that when findings are supported by competent evidence it will be presumed that the district court applied the proper test in weighing the evidence and finding the facts.

Since the record discloses nothing of sufficient importance to warrant a reversal of the trial court's judgment our clear duty is to uphold its action in admitting the will to probate.

The judgment is affirmed.