No. 39,118

EMMA HENKS, *Appellee,* v. GERTRUDE PANNING and ELMER F. PANNING, *Appellants.*

(264 P. 2d 483)

Opinion filed December 12, 1953.

*Tudor W. Hampton*, of Great Bend, argued the cause and *S. R. Blackburn* and *Jerry M. Ward*, both of Great Bend, were with him on the briefs for the appellants.

*Don C. Foss*, of Great Bend, argued the cause, and *R. C. Russell* and *Isabel Obee*, both of Great Bend, were with him on the briefs for the appellee.

The opinion of the court was delivered by

PARKER, J.: This was an action by one of two grantees in a joint tenancy deed against the other grantee, and her husband, to require the latter to convey any interest they might have acquired to the real estate in question by reason of such deed. Plaintiff recovered and the defendants appeal.

The case was tried by the court on issues joined by the pleadings which, under ordinary circumstances, this court would not incorporate in its opinion. However, that seems necessary in view of the unusual situation disclosed by the record.

Omitting formal averments, allegations disclosing that the plaintiff and defendants were all residents of Great Bend and its prayer, the petition reads:

"1. That on or about the 31st day of May, 1951, the plaintiff did execute a limited power of attorney in favor of the defendant Gertrude Panning herein,

a true and correct and complete copy thereof being hereto attached and marked 'Exhibit A' and made a part of this petition by reference the same as though set out in full herein. That the said power of attorney was given solely for the purposes as set out therein and principally for the payment of household bills and general expenses including medical expenses of the plaintiff and her husband, the said husband now being deceased. That the defendant Gertrude Panning is a niece of the plaintiff and at all times hereinafter complained of was acting in a fiduciary capacity.

"2. That on or about the 29th day of October, 1951, the defendant Gertrude Panning, acting without any right or authority of any kind whatsoever from the plaintiff, either expressed or implied, did purchase with the use of funds belonging to the plaintiff the following described real property, to-wit:

'Lot Eight (8) in Block One (1) in Phillips Addition to the City of Great Bend, in Barton County, Kansas,'

and did take the title to said property in the name of this plaintiff and the defendant Gertrude Panning as joint tenants with the right of survivorship and not as tenants in common as further evidenced by a warranty deed to the said property as shown on the records in the office of the Register of Deeds of Barton County, Kansas, at Book 101, page 620, a true copy of said deed being hereto attached and marked 'Exhibit B' and made a part hereof.

"3. That the aforementioned power of attorney, marked 'Exhibit A' was the only one executed by this plaintiff to the defendant Gertrude Panning or either of the said defendants.

"4. That a written revocation of power of attorney and a written demand on the defendant, Gertrude Panning asking her to convey to the plaintiff all her right, title and interest in and to the above described real property was served upon the defendant Gertrude Panning on or about the 28th day of December, 1951, but that the defendant Gertrude Panning has neglected and refused and still neglects and refuses to convey the said property to the plaintiff.

"5. That all of the acts of the defendants herein complained of by this plaintiff were without the consent, authority and permission of this plaintiff and were without any consideration received by the plaintiff from the defendants.

"6. That the plaintiff believes that the defendant Elmer F. Panning claims an interest in and to the above described real estate, the exact amount and nature of such interest being unknown to this plaintiff. That the defendant, Elmer F. Panning be required to state the amount and nature of his interest in and to the said property and that the defendants and each of them be required to convey the said premises to the plaintiff and that the title to the same be quieted and confirmed in the plaintiff."

Allegations of the answer, excluding those having no bearing on the issues, are as follows:

"Comes Now the defendants and in answer to plaintiff's amended petition, denies generally each and every allegation, statement, averment and matter contained therein, except as hereafter admitted.

"Defendants admit the residence of the parties and admit all of paragraph number one of plaintiff's amended petition, except that part of the last line

wherein plaintiff alleges that 'at all times hereinafter complained of was acting in a fiduciary capacity,' which is specifically denied by these defendants.

"The defendants further admit the execution, delivery and recording of the deed referred to in paragraph two of the amended petition in the manner and form as attached to the plaintiff's petition, but alleges and states that the plaintiff purchased said real estate by her own acts and not by the acts of either of the defendants.

"Defendants further admit paragraph three of the plaintiff's amended petition.

"Defendant Gertrude Panning admits that she is the niece of the plaintiff but specifically denies that at the times alleged in plaintiff's amended petition concerning the purchase of certain real estate that she was acting in a fiduciary capacity and alleges and states that at all times relating to and being a part of the transaction of said real estate described in plaintiff's amended petition, she was not acting under any power of attorney, but was assisting the plaintiff under specific instructions and request of the plaintiff herein, and that all acts pertaining to the transfer of said property was under the direct instructions, consent, authority, control and permission of the plaintiff.

"That the defendant, Elmer F. Panning, does not claim any interest in and to said property, except through his being the husband of the defendant, Gertrude Panning."

During the course of the trial the court below overruled the defendants' demurrer to plaintiff's evidence and then, after giving consideration to evidence adduced by both the plaintiff and the defendants, rendered judgment granting plaintiff the relief claimed in her petition. Thereupon defendants filed a motion for judgment *non obstante* and a motion for new trial. When these motions were overruled they perfected their appeal to this court where, under proper specifications of error, they now challenge the judgment; the overruling of their demurrer to the evidence; and the adverse rulings on the motions to which reference has heretofore been made.

Preliminary to discussing what we regard as the issues decisive of this case we are compelled to note that inherent in all errors assigned by the appellants is the basic claim that the appellee, a woman 74 years of age who testified in her own behalf, was a person of unsound mind at the time she was produced for examination; that therefore, under the provisions of G. S. 1949, 60-2805, First, she was incompetent to testify; that it was error to refuse to strike her testimony and give it consideration. Resort to the record reveals the trial court made several express statements during the course of the trial, another at the time of the rendition of its judgment, and still another on the occasion of its ruling on the motion for new trial, all to the effect it felt and had the opinion appellee was incompetent. In the face of these statements we are

unwilling to say it was proper to permit this testimony to stand or give it weight in arriving at its decision and judgment. However, under the confronting facts and circumstances, it does not necessarily follow, as the appellants contend, that this action on the part of the trial court constituted reversible error.

Thus, and without giving consideration to statements made by the appellee while testifying as a witness, we turn again to the record for the purpose of determining what was before the trial court at the time of its action, assigned by appellants as error, in over-ruling the demurrer to appellee's evidence. There we find factual admissions in appellants' answer, which we pause to note were entitled to consideration without further proof, in substance to the effect that appellant Gertrude Panning, who was her niece, was given a power of attorney by appellee on May 31, 1951; that while this power of attorney was still in force and effect appellee purchased, and ultimately paid for, the real estate in question with her own funds; and that on October 29, 1951, under and by virtue of the terms of a warranty deed from its former owners, Gertrude wound up with and acquired a joint tenancy title to such real estate without having paid any consideration whatsoever therefor. We also find that two instruments, one being the deed and the other the power of attorney, set forth at length in the petition, were offered and received in evidence without objection as a part of the appellee's case in chief.

When tested by the universal rule (See West's Kansas Digest, Trial, § 156 [2], [3]; Hatcher's Kansas Digest Rev. Ed., Trial, §§ 150, 151), that in ruling on a demurrer a court must construe the evidence and all reasonable inferences to be drawn therefrom in the light most favorable to the party adducing it, we have little difficulty in concluding that when considered in connection with the appellants' admissions appellee's evidence must be construed as establishing that Gertrude acquired whatever interest she may have in the involved real estate, without consideration, at a time when a fiduciary relationship existed between her and appellee. That, as we understand our repeated decisions, is all that appellee was required to establish in order to withstand a demurrer based on the premise her evidence failed to sustain a right of recovery.

In *Smith v. Smith*, 84 Kan. 242, 114 Pac. 245, we held:

"In the case of a gift or voluntary conveyance *inter vivos*, where the donor is a widow enfeebled in mind by disease or old age, and the person benefited

is her son, with whom she makes her home, equity raises the presumption that the gift or voluntary conveyance was brought about by undue influence, and the burden is upon the party benefited to show affirmatively that the transaction was fairly conducted as if between strangers." (Syl. ¶ 2.)

And in the opinion said:

"The confidential relations existing between the appellant and his mother having been clearly established, a presumption arose of undue influence, and the burden rested upon him to show that the transaction was free from such influence.

"In addition to the presumption which in equity arises from the situation of the parties and their relations to each other, the circumstances under which the conveyances were obtained are suggestive of unfairness on the part of the appellant amounting to undue influence. The fact that he initiated the proceedings, directed the preparation of the deeds, arranged for their execution, selected the witnesses to be present, and that none of the other members of the family was informed of the transactions, were circumstances hardly to be overcome by his denial of undue influence and the testimony of witnesses that the grantor appeared to understand what she was doing." (p. 247.)

As early as *Paddock v. Pulsifer*, 43 Kan. 718, 23 Pac. 1049, we said:

"In such a case as this, the burden of establishing the perfect fairness and equity of the conveyance to Mrs. Paddock was thrown upon her, in view of her father's age, sickness and feebleness of mind, and the close relation of the parties. Confidence was necessarily reposed in Mrs. Paddock. If that confidence was abused in procuring the deed, the trial court very justly set it aside. The deed purports upon its face to have been executed for $2,500, 'cash in hand paid.' This is much less than the value of the land. It is admitted by Mrs. Paddock that she paid nothing for the deed; and if she obtained it from her father upon the promise to pay $2,500 in money or in notes, without intending to pay for the same, or if she did not have the means of paying what she agreed to pay, this would be indicative of actual fraud upon her part. She claims, however, that her father gave her the land, and intended to give her the land without any consideration being paid. If this were true, Mrs. Paddock should have clearly established the perfect good faith of the transaction." (pp. 721, 722.)

In *Coblentz v. Putifer*, 97 Kan. 679, 156 Pac. 700, we held:

"Rule followed that persons enjoying a confidential relationship with the grantor of gifts *inter vivos* have the burden of showing that such gifts were made without undue influence." (Syl. ¶ 1.)

Later in *Hoff v. Hoff*, 106 Kan. 542, 189 Pac. 613, the following statement appears:

". . . Viewed as gifts *inter vivos*, the burden was on Peter, owing to his confidential relationship, to show that he did not obtain them through undue influence, and he failed to sustain that burden. (*Smith v. Smith*, 84 Kan. 242, 114 Pac. 245; *Coblentz v. Putifer*, 97 Kan. 679, 156 Pac. 700.)" (p. 550.)

Still later in *Staab v. Staab*, 160 Kan. 417, 163 P. 2d 418, we said:

"Under familiar precedents, when a confidential relationship between certain members of the family involved has been established, the burden is cast on a grantee to show the conveyance was made in good faith and for a valuable consideration. . . ." (pp. 422, 423.)

For other decisions of similar import wherein the principle announced in the foregoing cases is recognized and applied see *Madden v. Glathart*, 125 Kan. 466, 265 Pac. 42; *Grothaus v. Van Cleave*, 125 Kan. 560, 264 Pac. 1055; *Overstreet v. Beadles*, 151 Kan. 842, 101 P. 2d 874.

In passing we should perhaps state that appellants supplied any possible deficiency existing in appellee's evidence, respecting the existence of a confidential relationship and payment of consideration for the real estate, by introducing a purchase agreement, signed by appellee and by Gertrude Panning as her attorney in fact, providing that the real estate in question would be purchased by appellee for a consideration therein named and that upon payment thereof the property was to be delivered to her free and clear of all encumbrances; and by introducing cancelled checks signed "Emma Henks by Gertrude Panning atty in fact" on which appeared notations clearly evidencing the consideration agreed on had been fully paid by appellee. Likewise add that under such circumstances, even if the sufficiency of appellee's evidence was questionable, we would nevertheless be obliged to hold that any error committed by the trial court in overruling the demurrer has been cured and is therefore immaterial. (See *Tuggle v. Cathers*, 174 Kan. 122, 254 P. 2d 807; *Lechleitner v. Cummings*, 159 Kan. 171, 152 P. 2d 843; *Wilson v. Holm*, 164 Kan. 229, 188 P. 2d 899; and numerous other decisions cited in West's Kansas Digest, Trial, § 418; Hatcher's Kansas Digest Rev. Ed., Appeal & Error, § 486, Trial § 167.)

Except as mentioned in the preceding paragraph we have made no attempt to detail the evidence adduced by appellants tending to maintain the burden cast upon them under the rule announced in the foregoing decisions. Before doing so it is proper to note they made no effort to explain or establish any of the facts essential to the maintenance of that burden, which it must be conceded were peculiarly within their own knowledge, by testifying as witnesses in their own behalf and that their failure to do so, absent any satisfactory explanation, raises a presumption their testimony respecting

such matters would be unfavorable to them. (*Trust Co. v. Allen,* 110 Kan. 484, 204 Pac. 747; *Donley v. Amerada Petroleum Corp.,* 152 Kan. 518, 106 P. 2d 652.)

When carefully analyzed it may be said the only evidence of record tending to uphold the burden to which we have previously referred came from the lips of two real estate agents, namely, one Johnson and his wife, who had the land in question listed and who prepared all papers in connection with the sale thereof, including the deed transferring title to the property to appellee and Gertrude as joint tenants. These persons, who admitted on cross-examination that Mr. and Mrs. Panning first contacted them concerning the purchase of the property, testified in substance that on the date the deal was closed, at a time when all parties to this lawsuit were present, they read and explained the import of the deed to appellee and that after doing so they asked her if that was the way she desired to have the deed made out, to which inquiry she gave an affirmative answer. Obviously this evidence was introduced to show appellee had independent advice. The trouble from appellants' standpoint is that the trial court made express findings to the effect the only advice appellee had on the subject came from members of the real estate firm; that they were acting as agents for appellants in giving it; and that under such circumstances appellee had no free and independent advice. The record discloses some evidence to sustain these findings. Therefore they cannot be disturbed (*In re Estate of Johannes,* 173 Kan. 298, 245 P. 2d 979; West's Kansas Digest, Appeal & Error, § 989; Hatcher's Kansas Digest Rev. Ed., Appeal & Error, § 507) and arguments advanced by appellants respecting what effect contrary findings might have on this appeal need not be discussed or determined.

Re-emphasizing salient factors disclosed by the record, discussed in the opinion, and decisive of the rights of the parties, it can be stated that it appears that Gertrude Panning acquired whatever interest she had in the real estate in question, which was purchased and paid for by appellee, at a time when a confidential and fiduciary relationship existed between such persons; that in the light of evidence clearly establishing that situation equity raises a presumption that the interest thus acquired was brought about by undue influence and the burden was cast upon Gertrude Panning and Elmer Panning, her husband, as the parties benefited by the transaction, to show affirmatively that such interest was acquired in good faith,

without unfairness or overreaching, and for a valuable consideration, and that appellants failed to maintain the burden resting up them.

In view of the situation heretofore outlined we have little difficulty in concluding the trial court's decision and judgment, directing appellants to convey their interest in the real estate to appellee and quieting her title therein against them was proper under the facts and the law and should be upheld.

Assuming, as is urged, the reasons given for the trial court's decision were wrong does not warrant or permit a conclusion contrary to that just announced. This court has long been committed to the rule that a judgment which is correct in result will not be disturbed on appeal even though the reasons given by the trial court for its rendition are erroneous. (See West's Kansas Digest, Appeal & Error, § 854 [2]; Hatcher's Kansas Digest Rev. Ed., Appeal & Error, § 433.)

Nor is the judgment to be disturbed and a new trial granted, as appellants insist, because the trial court's action in failing to strike out, and in giving consideration to, appellee's testimony was improper. Based on the facts of record and the law applicable thereto the trial court would have been compelled to render judgment in appellee's favor even if her evidence had been stricken on appellants' motion and given no consideration whatsoever. The rule, by statutory mandate (G. S. 1949, 60-3317) and under our decisions (See West's Kansas Digest, Appeal & Error, §§ 1032 [1], [2], 1170 [1], and Hatcher's Kansas Digest Rev. Ed., Appeal & Error, §§ 509, 522), is that an appellant must show error of the trial court to his prejudice before a judgment will be reversed.

Contentions advanced by appellants in support of their claims the trial court erred in overruling post trial motions, including their motion for new trial, are the same as those heretofore discussed and determined, hence they require no further consideration.

The judgment is affirmed.