No. 41,219

In re Estate of William R. Cox, deceased. (ELLA E. FRENCH, LAURA M. COX, ANGELA F. COX, and MARGARET V. COX, *Appellants,* v. HELEN SEXTON, *Appellee.*)

(337 P. 2d 632)

Opinion filed April 11, 1959.

*Roy Cook,* of Kansas City, and *Elton French,* of St. Louis, Mo., were on the briefs for the appellants.

*Harry Hayward,* of Kansas City, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

ROBB, J.: On August 15, 1956, the legatee under the will of William R. Cox, who had died on July 4, 1956, at the age of eighty years, filed and asked that the will, which had been executed on May 1, 1956, be admitted to probate. Appellants Ella E. French,

Laura M. Cox, Angela F. Cox, and Margaret V. Cox, sisters of decedent, appeared and filed written defenses to the petition whereupon a hearing was held and on September 28, 1956, the probate court found the will to be valid and ordered it admitted to probate. On December 28, 1956, appellants appealed from this judgment of the probate court to the district court of Wyandotte county where the matter was tried *de novo*. As requested by the parties, the trial court made findings of fact and conclusions of law wherein, among other things, the will was declared valid and that it should be admitted to probate according to law. From this judgment the appellants perfected the instant appeal.

Highly summarized, the pertinent portions of the will provide that decedent confirmed and ratified previous conveyances of practically all of his estate to Helen Sexton, absolutely, reserving a life estate in himself or as joint tenant with the right of survivorship and not as a tenant in common; he devised to Helen Sexton, absolutely, all of his "estate real, personal and mixed, whichever was, or is, or has been acquired" by him "since said time"; and lastly, he appointed Helen Sexton executrix of his will to serve without bond, he further provided that the will would operate and pass all subsequently acquired property owned by him at his death as if the will had been made on the last day of his life, and revoked and annulled all former wills. The will was attested by Edward E. Sexton, husband of Helen Sexton, and Ruby Hayward, wife of the scrivner of the will who has been counsel for Helen throughout the proceedings in this case.

At the outset it should be explained that this appeal involves principally factual questions and we will refer only to necessary portions of the rather extensive record which is made up in the main of the testimony of the several witnesses.

The first question raised on appeal challenges the propriety of the ruling of the trial court in allowing counsel for appellee to prove the will by redirect examination instead of by direct evidence.

Rules of practice with regard to the order of proof must be enforced or relaxed by the court in furtherance of justice and are not to be applied with such technical precision and unbending rigor as to produce injustice. (*Kelly v. Meyer*, 156 Kan. 429, 437, 134 P. 2d 658.) After both parties have introduced their evidence in chief and demurrers have not been sustained to the evidence of either, then rebuttal evidence shall be introduced unless the court, for good reason in furtherance of justice, permits them to offer

evidence in their original case. (G. S. 1949, 60-2909, *Fourth.*) We are committed to the rule that it is discretionary as to whether a trial court shall permit a party to reopen a case to introduce additional evidence in support of his case in chief and our decisions approve that practice where the record fails to disclose conduct amounting to abuse of discretion. (*In re Estate of Wittman,* 161 Kan. 398, 402, 168 P. 2d 541.) In view of the statute and our decisions, it is impossible to follow appellants' theory that it was error for the trial court to allow additional evidence, as shown by the record here, on redirect examination of the attesting witnesses to prove the proper execution and identification of the will.

, The next contention of appellants involves the exclusion of witnesses and counsel for appellants have therein propounded a very ingenious proposition. The trial court called the witnesses up to be sworn and explained that they would be excluded from the courtroom. Thereupon appellants' counsel stated that appellants had subpoenaed Harry Hayward, counsel for Helen Sexton, appellee, which not only made him a witness who would have to be excluded from the courtroom but disqualified him as attorney for appellee. Hayward was not called as a witness for appellee and, as he stated in the record, it was not his intention to, nor would he, testify as a witness for appellee. If counsel for the opposition could thus deprive a litigant of representation, there would be no limit to the confusion and injustice attending the trial of lawsuits. It is difficult to believe that counsel for appellants have considered the propensity of their theory. The trial court was correct in refusing such a request.

As to the other contentions of appellants, we have stated before they are fact questions and we are obliged to follow our often-repeated rule that where the findings of the trial court are based on competent and substantial evidence, they will not be disturbed. Some of the evidence was highly conflicting as to decedent having been an alcoholic; his lack of education and mental ability; his condition of being physically and mentally incompetent as well as being an alcoholic at the time of his death and as to Helen Sexton being the granddaughter of decedent, or her father, James Edgar Cox, being the son of decedent. Claims that diabetes and other diseases and afflictions were conclusively shown by the evidence are not sustained by the record in appellants' abstract or Helen Sexton's counter abstract but on the contrary, the medical testimony by three doctors did not even substantiate appellants' claim

that the eighty year old decedent had a severe case of diabetes. The trial court in its extensive, comprehensive, and complete findings of fact determined these facts in favor of Helen Sexton and against appellants. The contention by appellants is that this court could infer opposite findings from the testimony of appellants' witnesses. We are not a trial court and once a trial court has heard the evidence, observed the parties, witnesses and counsel, and made findings of fact, as was done here, which are supported by any substantial competent evidence this court, on appellate review, is not inclined to disturb those findings and substitute contrary findings from conflicting evidence submitted to it in a printed record. This cardinal rule of our court has been stated unnumerable times in one form or another. (*In re Estate of Arney,* 174 Kan. 64, 254 P. 2d 314; *In re Estate of Johnson,* 176 Kan. 339, 348, 270 P. 2d 293; *Oliver v. Nugen,* 180 Kan. 823, 308 P. 2d 132; *B & S Enterprises v. Rudd,* 182 Kan. 710, 718, 324 P. 2d 515; *Redman v. Mutual Benefit Health & Accident Ass'n,* 183 Kan. 449, 457, 327 P. 2d 854, and authorities cited therein.)

Appellants' counsel impressively direct our attention to Hayward's position and activity throughout the entire subject matter but we do not wish to lend dignity to such innuendoes by a detailed discussion thereof. Hayward's role in this case is not the first time that an attorney and his family were friends of a layman and his family and the attorney found himself representing the layman and other members of his family in different capacities. (See, *In re Estate of Arney,* supra, p. 68.)

It follows that the findings of fact and the conclusions of law by the trial court were correct.

Affirmed.