No. 45,251

DOLLY ANDERSON, *Appellant,* v. RUSSELL K. BERG, HOMER E. PATTON and ALOIS J. EBERHARDY, members of the International Board of Trustees of the International Brotherhood of Boilermakers, Iron Ship Builders, Blacksmiths, Forgers and Helpers, an unincorporated association, *Appellees.*

(451 P. 2d 248)

Opinion filed March 8, 1969.

*Charles S. Schnider,* of Kansas City, argued the cause, and *John E. Shamberg, Jacob F. May, Jr., Edward G. Collister, Jr.* and *Gerald T. Elliott,* all of Kansas City, were with him on the brief for the appellant.

*Roger D. Stanton,* of Kansas City, argued the cause, and *Lee E. Weeks, Leonard O. Thomas, J. D. Lysaught, Robert H. Bingham, Ervin G. Johnston, Miles D. Mustain* and *George Maier, Jr.,* all of Kansas City, were with him on the brief for the appellees.

The opinion of the court was delivered by

HATCHER, C.: This is an action to recover damages for alleged negligent injury.

The issues being limited a very general statement of the basic facts will suffice.

The plaintiff, Dolly Anderson, was walking down the corridor on the fourth floor of the Brotherhood Building in Kansas City, Kansas. The building is owned and operated by the defendants as an office building. Shortly before the plaintiff reached the door of her office she allegedly slipped upon a heavy accumulation of wax causing her to fall to the floor and be seriously injured.

This action was then brought by the plaintiff in which she alleged her injuries were caused by the defendants or their em-

ployees carelessly and negligently permitting the floor to become and remain slick and slippery as the result of the presence of an excessive amount of wax.

The case was tried to a jury which returned a verdict in favor of the defendant and judgment was rendered thereon. The plaintiff has appealed, raising but one issue. She claims:

"It was a manifest abuse of discretion by the trial Court to re-open the defendants' case-in-chief, after the jury had begun its deliberations, for the offering and admission into evidence of the bottle of wax."

The facts relating to this issue are also limited.

During the course of the trial a small bottle containing a sample of the wax used on the floor was identified and the identity was admitted by the plaintiff. The bottle of wax was not offered or received in evidence during the regular course of the trial. Neither does it appear that either party made any further use of it or desired it in evidence.

In due course the case was closed for the introduction of evidence, closing arguments were made and the jury retired to consider its verdict. Shortly after it had retired the jury returned and, before the trial court and counsel, requested, through their foreman, that the bottle of wax be sent to the jury room. The time for adjournment being near, the jury was excused until the following day. The matter was then considered by court and counsel. Defendants' counsel moved to reopen the case and admit the bottle of wax in evidence. Counsel for plaintiff objected to opening the case and admitting the sample as an exhibit. The trial court reopened the case, admitted the bottle of wax in evidence and gave it to the jury with instructions not to open the bottle for the purpose of experimenting with the wax. The foreman of the jury stated:

"The only thing would be so they could see how thin it was inside the bottle, and we could take it up with us."

Although the jury requested the sample, the case was reopened and the sample introduced as an exhibit at the request of the appellees.

We have held that the question of reopening a case for the submission of additional evidence lies strictly in the discretion of the trial court. In *In re Estate of Cox*, 184 Kan. 450, 337 P. 2d 632, we stated at page 452.

". . . We are committed to the rule that it is discretionary as to whether a trial court shall permit a party to reopen a case to introduce additional evi-

dence in support of his case in chief and our decisions approve that practice where the record fails to disclose conduct amounting to abuse of discretion. (*In re Estate of Wittman,* 161 Kan. 398, 402, 168 P. 2d 541.) . . ."

The appellant does not dispute the propriety of the above statement of law but contends that the reopening of the case and the admission of the bottle of wax as an exhibit constituted a clear and manifest abuse of discretion on the part of the trial court requiring a reversal.

Under the circumstances we would not interfere with the trial court's discretion if the sample of wax was otherwise admissible. However, the appellant's contention that "it was an abuse of discretion to admit into evidence the bottle of wax without the proper foundation having been laid for it," presents a much more serious question. The fact that a case is reopened for admission of additional evidence in the form of an exhibit furnishes no basis for the abandonment of the necessary preliminary proof to make it admissible.

The question which we have here is more a question of admissibility of evidence than a question of the trial court's discretion. If the evidence was not admissible it was not a discretionary matter.

Samples to be admissible as evidence must be shown to reflect the condition of the substance at the time involved in the issues. It must be shown that no substantial change has taken place in the substance to be exhibited because of lapse of time. Although we have no case in this state specifically in point the statement would appear to be the very general rule. In 32 C. J. S., Evidence, § 607, page 765, we find the following:

". . . It must also be shown to the satisfaction of the court that no such substantial change in the article exhibited as to render the evidence misleading has taken place. The determination of whether there has been a change, so substantial or material, in an article or object, that it should not be admitted rests largely in the discretion of the trial court, and it is not necessary that the article be identically the same as at the time in controversy. . . ."

In 95 ALR 2d page 696, the general rule is stated in quite similar language:

"It has been generally held that at the time a sample is offered in evidence, it must be shown that it is in the same or substantially the same condition it was in at the time such condition became material to the issues involved; however, the fact that the offered sample has undergone some change in condition, whether occasioned by lapse of time, or otherwise, may not of itself afford sufficient grounds for excluding it. . . ."

Here there was no evidence whatsoever offered as to the condition of the four and one-half year old sample.

In *Green v. Kaesler-Allen Lumber Co.*, 197 Kan. 788, 420 P. 2d 1019, syl. 4, we applied a similar rule to photographs, stating:

"Photographs should not be accepted as absolute and positive evidence in a negligence case without an opportunity for the opposing party to inquire as to whether they represent with fair accuracy the place of the happening and the physical condition surrounding it at the time of the injury."

The record discloses that the accident occurred on September 25, 1962. The sample bottle of wax was obtained in October or November, 1962. The case was tried and the sample submitted to the jury the latter part of May, 1967. The sample of wax stood in the bottle for four and one-half years before it was submitted to the jury. We are not informed as to how many times the cork was removed from the bottle or how well the cork was fitted to prevent evaporation. There are plant waxes, earth or bituminous waxes and synthetic waxes and each has a different volatile quality. (Chamber's Encyclopaedia Volume 14, page 458.) The waxes vary all the way from thin liquids to solids. It would be improper for us to assume that a liquid wax would remain four and one-half years in an unsealed bottle without a change in its consistency.

The only foundation laid for the admission of the bottle of wax was its source and chain of possession. We are inclined to believe that had it been intended to introduce the sample as an exhibit in the case in chief the jury would have been informed as to what happened to the sample of wax in the normal course of events while it remained in the bottle for four and one-half years. The thinness or thickness of the wax would mean nothing to the jury unless it was the same when delivered to them as at the time of the accident.

We must conclude that lacking proper preliminary proof the sample bottle of wax was improperly admitted as an exhibit.

We cannot agree with appellees' suggestion that the exhibit, even though erroneously admitted, did not affect the substantial rights of the parties. The much ado which was made about the bottle of wax must have left a rather deep impression on the members of the jury.

The judgment is reversed with instructions to grant a new trial.

APPROVED BY THE COURT.