No. 39,245

In re Estate of Charles B. Purdom, Deceased. Mary Alice Wilkerson, *Appellant*, v. Paul R. Brown and Agnes Mae Brown, *Appellees.*

(267 P. 2d 472)

Opinion filed March 6, 1954.

*John Anderson, Jr.,* of Olathe, argued the cause and was on the briefs for the appellant.

*George A. Lowe,* of Olathe, argued the cause, and *Roy S. Lowe* and *Roy G. Lowe,* both of Olathe, were with him on the briefs for the appellees.

The opinion of the court was delivered by

Price, J.: This was an action to set aside a deed and to bring the real estate conveyed thereby back into the estate of decedent grantor. From an adverse judgment plaintiff has appealed.

On November 3, 1947, Charles B. Purdom executed a contract for the sale of his home consisting of approximately seven and one-half acres of improved land lying adjacent to the city of Olathe, to his daughter, Agnes Mae Brown, and Paul R. Brown, her husband, defendants herein. The consideration was the sum of $8,000, and was to be paid in the following manner—$2,000 down, with the balance to be paid at the rate of $60 per month commencing on January 1, 1948, "and $60.00 on the first of each month thereafter so long as the seller shall live or until the balance of the purchase price is paid in full." The unpaid balance was to draw interest at four per cent, payable annually.

The deed of conveyance was dated November 3, 1947, was acknowledged the next day, and was recorded on January 5, 1948.

On November 18, 1947, Purdom executed a last will and testament which, with the exception of small bequests to grandchildren, bequeathed and devised his entire estate to his daughters, Agnes Mae Brown and Mary Alice Wilkerson (plaintiff herein), in equal shares. The will left nothing to a third daughter. Paul R. Brown,

husband of Agnes, and one of the grantees in the deed, was named as executor.

On December 9, 1947, Purdom and the Browns entered into a written supplemental agreement pertaining to the sale of the real estate heretofore mentioned, by the provisions of which the Browns agreed "that if upon completion of the payments as provided in said contract first party is in need and desires second parties will continue the payment to first party of the sum of $60.00 per month so long as first party shall live, but that at his death all the obligations of the said contract and of this supplemental contract are to be considered fulfilled and completed and not constitute property of the estate of first party."

Purdom died on November 18, 1948, and his last will and testament was admitted to probate. At the time of his death he was eighty-two years of age.

Mary's action to set aside the deed in substance alleged that it was without adequate consideration; that by reason of age and infirmity, and his relationship with the grantees, Purdom was incompetent to transact business with them; that the deed was induced by undue influence, and that the entire transaction was not entered into in good faith by the Browns, who, it was alleged, occupied a fiduciary relationship to the grantor.

The answer specifically denied allegations of the petition charging undue influence and the like, and upon the issues thus joined a trial was had.

The court heard considerable evidence, and at the conclusion of the trial rendered judgment for defendants, finding that at the times in question Purdom was competent and fully capable of executing the instruments under consideration, and that none of them was induced by the undue influence of defendant grantees in the deed. Plaintiff's motion for a new trial being overruled, she has appealed.

In this court the substance of plaintiff's principal contention is that as the evidence clearly established a confidential and fiduciary relationship between her father and defendants the trial court erred in not requiring defendants to assume the burden of proof to establish that the deed was acquired in good faith, without undue influence, and for a valuable consideration, citing numerous decisions, many of which are discussed in the recent case of *Henks v. Panning*, 175 Kan. 424, 264 P. 2d 483. It is further argued that because of such alleged erroneous premise upon which the lower court tried the

case its reasoning is vitiated in its entirety, citing *Wyatt v. Taylor*, 166 Kan. 453, 201 P. 2d 647, in support thereof.

Concededly, the general rule is as was stated in the Henks case, that is, when a confidential relationship between members of a family has been established the burden is cast upon a grantee to show that the conveyance was made in good faith and for a valuable consideration, but the trouble with plaintiff's contention lies in the application of the rule to the facts of this case.

We will not burden this opinion with a detailed summary of the evidence, but it is sufficient to state that it clearly established the grantor's competency at the times in question. It is quite correct that he and defendants had had other dealings concerning real estate, but we think the evidence failed to establish a confidential or fiduciary relationship between the parties within the meaning of those words as used in the well-established rule referred to. Furthermore, assuming that such relationship did exist, there was ample evidence to support the trial court's finding that none of the instruments in question was induced by the undue influence of defendant grantees. Further, there was substantial evidence establishing the value of the property at $8,000, the consideration named, and, as stated, assuming that the evidence did establish a confidential or fiduciary relationship within the meaning of the rule, plaintiff's contention the court erred in not requiring defendants to assume the burden of proof in the respect noted cannot be sustained. An examination of the record shows that after the trial court was satisfied as to the question of the grantor's competency it required defendants to move forward with evidence touching the other phase of the case, and after hearing all of the evidence found in favor of defendants upon all issues.

And finally, it is argued that the basic provisions of the real estate contract of November 3, 1947, were not altered by the supplemental agreement of December 9, 1947, because of language in the latter to the effect that "the stipulations and agreements in said contract are not to be changed by this agreement. . . ." Plaintiff's contention in this respect is not well founded. A reading of the entire instrument clearly establishes that by the later agreement the parties supplemented the original contract with respect to the consideration to be paid for the property, and it clearly shows that such later instrument was executed for a valuable consideration.

We have given careful consideration to all contentions made by

plaintiff but find them to be without substantial merit. It has not been shown that the trial court committed error in any respect, and the judgment is therefore affirmed.